ọ

## Frederic Schwerin

### vs.

## Andrew DeGraff, *et al.*

 *Held* that the finding of the referee in this case is not justified by the evidence. The allowance to a garnishee of an amount, (beyond costs for travel and attendance,) for counsel fees and other necessary expenses is to be made in the garnishee proceeding, and by and in the discretion of the court, in which such proceeding is pending. *Section* 173, *ch.* 66, *Gen. Stat.*

 Plaintiff, a sub-contractor, brought this action to recover for work and labor performed by him for defendants in the construction of the First Division of the St. Paul & Pacific Railroad. The schedule annexed to the complaint included, among other items, a charge for excavating 2,800 yards in January, 1869, and a charge for extra work on section 32. Both these items were put in issue by the answer.

 The action was referred, and at the trial the plaintiff tes-

tified, among other things: "The work was to be measured by the engineer of the railroad company. His measure was to be taken as correct, and I was to be paid by defendants on the number of yards he reported;" and that the extra work done on section 32 consisted in filling on a curve, and removing cord-wood that had been piled there. The defendant, A. De Graff, testified that the removing of the cord wood was not extra work, but was required by the contract.

The referee found, among other things, that plaintiff was entitled to recover the amount charged, the first item of 2,800 yards, and also the sum of $150 as the reasonable value of extra work in filling at the curve, and ordered judgment for plaintiff.

The defendants appeal from the order of the district court denying their motion for a new trial.

All other matters necessary to a full understanding of the opinion are stated therein.

Brisbin & Palmer, for Appellants.

Gilfillan & Williams, for Respondent.

*By the Court.*—Berry, J.—We are unable to perceive how the finding of the referee as to the number of yards of excavation done by plaintiff in January, 1869, and as to the value of the extra filling at the curve, can be justified upon the evidence. We are inclined to think that, as there was testimony in the case tending to show that a part, at least, of the January excavation was never estimated by the engineer, and that he made no estimate after December, it was not necessary to plaintiff's case that he should prove the amount of his excavation by reference to the engineer's estimate. The engineer's failure to estimate the January excavation could not deprive

plaintiff of his right to payment or to recover payment. The same considerations would apply to the extra work, if it was the duty of the engineer to estimate that at all, which does not clearly appear.

The plaintiff being accustomed to excavate by the yard, and to being paid by the yard, we are of opinion, as suggested by his counsel, that it was competent for him to state his estimate of the number of yards excavated, although he had made no measurements. The testimony would not be very satisfactory, but it might be worth something. His testimony as to the amount of excavation, is as follows: " I think I did about 2,800 yards in January ; " and in reference to the manner in which he arrived at this opinion, he says : " The last item of 2,800 yards in January, 1869, I guessed at." Now, admitting that, by " guessing at " this item, he means that he exercised his judgment in arriving at it, still his testimony is not that he thinks that he excavated 2,800 yards, but that he excavated *about* 2,800 yards.

This is the only testimony, so far as we can discover, upon which the referee could base his finding, that the January excavation was 2,800 yards. We think the testimony too vague and indefinite to permit us to say that it has a reasonable tendency to support the finding, especially when it is considered in connection with the testimony of Col. DeGraff to the effect that *nearly all* of the work in section 41, (where plaintiff claimed to have excavated said 2,800 yards,) was completed by the first day of January, 1869, and that whatever might have been done in January was included in the December estimate, and in further connection with the following testimony of plaintiff himself, viz.: " On section 41 I did some work in November, December and January. Since I worked some on section 41 in January. I can't tell when in January we quit on section 41. Did not work the whole

Schwerin v. DeGraff et al.

month.   Another  man  had  worked  on  41  before  I  commenced.   I took  his  job  off  his  hands.   I bought  him out * * * The work on section 41 was not all measured in the estimate for December."

As to the extra work  in  filling on  curve there is testimony tending to show that about 100  days work were expended by plaintiff in such filling, and in moving cord wood, but there is no  testimony tending to show  how  much  of this  work  was expended in filling,  or how much in  moving  the  wood.   We are, therefore, unable to see how  it was open  to  the  referee, upon the testimony, to arrive at his conclusion, that the work performed in filling was of the value of $150.

For these reasons it seems to us that the order denying a new trial must be reversed.

There is one other  point in  the  case, which should  be determined in reference to  a  new  trial.   It seems that, in an action against plaintiff, defendants  were  summoned  as garnishees, in which character  a  judgment  was  rendered against them, the amount of which was set up and allowed as a counter-claim in  the  case at bar.   Defendants set up a  further counter-claim for counsel fees and necessary expenses as such garnishees, beyond the  costs which  were  allowed them for travel and attendance.   But we are of opinion that the referee properly rejected said counter-claim.   There is no authority for allowing such fees and  expenses, except in the garnishee proceeding, and by and in the discretion of the court in which such proceeding is pending.   *Gen. Stat.*, ch. 66, § 173.

Order denying new trial reversed.