FREDERICK SCHWERIN *vs.* ANDREW DE GRAFF and another.

March 1, 1875.

**Evidence Admissible on Issue as to Price of Work.**—When the price of work done by plaintiff for defendant is in issue, and there is no written contract, any evidence tending to show that the testimony of one party is more reasonable than that of the other is admissible.

**Work done under Contract to be estimated by Engineers—When Estimate is not Conclusive.**—When the work done by plaintiff for defendant, under a contract, is to be measured by certain engineers, and their estimate, to be furnished to plaintiff by defendant, is to be conclusive as to the quantity of work done, an estimate made by such engineers, but not furnished to plaintiff, is not conclusive upon him as to the quantity of work done.

**Same—Evidence of Quantity of Work Done.**—The evidence in this case,—*held*, to show with sufficient certainty the quantity of work done in grading a railroad.

Plaintiff, a sub-contractor, brought this action in the district court for Ramsey county, to recover for work done by him for defendants in grading a railroad. The schedule annexed to the complaint included, among other items, a charge for excavating 2,800 yards, in January, 1869, at 32 cents per yard, and a charge for extra work on section 32. Both of these items were put in issue by the answer. At the trial, before *Wilkin*, J., the plaintiff had a verdict; a new trial was refused, and defendants appealed. The exceptions are stated in the opinion.

*E. C. Palmer*, for appellants.

*Gilfillan & Williams*, for respondent.

MCMILLAN, C. J. On the trial, a witness for the plaintiff testified as follows: "Section 32 was wet; it was marsh; we had to cut grass to get our teams through; should think it was worth more than 33;" to which the defendants objected, and to each part thereof, as immaterial; the court overruled the objection, and defendants excepted. The issue between the parties was whether the price agreed upon between them, for the work on this section, was 30 cents per yard, or whether it was the same as the price for work on section 33, which was 28 cents per yard.

When there is no written contract, and the price is disputed, any evidence tending to show that the testimony of one party is more reasonable than that of the other, is admissible. The objection was properly overruled.

The plaintiff also claimed to recover the following amounts :

| | | | |
|---|---|---|---|
| 98 days *extra* work on curve on sec. 32 | | | $196.00 |
| 34 " " " on culvert on sec. 40 | | | 68.00 |
| 12 " " " at road-crossing | | | 24.00 |
| 9 " " " with team | | | 36.00 |

These items and each of them were put in issue by the answer; the verdict of the jury presumptively allowed the plaintiff's claim. While the testimony is conflicting, it is quite sufficient to sustain the finding upon all the points at issue. The motions of the defendant to strike out the testimony of the plaintiff and the witness Damsell as to amount of work done on the culvert, and also as to the amount of work done on the curve, were properly denied. There were at least portions of the testimony embraced in the motion which were both competent and material.

The principal item involved in the suit, and concerning which the principal questions in the case arise, is the plaintiff's claim for work done on section 41, in January and February, 1869, to wit, 2,800 yards. It is admitted by both parties that all the work done by plaintiff on this section was done under an express contract, at 32 cents per yard; the defendants admit that work to the amount of 526 yards was done by plaintiff.

The court below in submitting the case to the jury charged them as follows : "The plaintiff testified that he did about 2,800 yards of excavation, during the month of January, and up to the fifth or sixth of February, upon section 41. His foreman, Damsell, testified also that he thinks they did about 2,800 yards upon section 41, in the month of January and early in February. If that was the only testimony in the case on the part of the plaintiff, I should feel bound to tell you that that evidence was not sufficiently certain and definite for you to base a verdict upon it. The supreme

court has, in this very case, held that it was too vague and uncertain to authorize a finding that any specific number of yards were done. It is claimed, however, on the part of the plaintiff here, that this evidence is made more definite and certain by the other evidence in the case; that is, they claim it is shown by the number of days and men that were employed, and that the plaintiff and his foreman, Damsell, testified were employed, during the months of January and February, that this amount of work must have been done, comparing it with what was done the previous month. Damsell, the foreman, testified that they had employed there from 35 to 40 men, though the number varied at different times. It is claimed that the estimate shows that during the month of December, with the same number of men that were employed, a larger amount than 2,800 yards was done by the plaintiff. It is for the jury to take the testimony altogether, and determine what force and effect should be given to it, and as to whether it is definite enough to come to a conclusion as to the amount of work that was done there.''

When this case was before us on a former appeal, we held that the testimony, which is all stated and referred to in the opinion in that case, (19 Minn. 416,) was too vague and indefinite to support the finding as to the number of yards excavated by the plaintiff. In the present case, much additional testimony was received, portions of which are referred to in the charge of the court above quoted. Assuming, for the present, the *competency* of the testimony, we think it sufficient to sustain the verdict. There was no error in this portion of the charge.

The court also instructed the jury as follows: ''If you find from the testimony that DeGraff had a contract from this railroad company to do this work, and that plaintiff worked under him, and these estimates that DeGraff testified to were to be furnished to him by the railroad engineers, it was the duty of Col. DeGraff to furnish plaintiff the estimates, and not rely upon the engineers to furnish them

to plaintiff. Not having furnished them, and as they are produced here, the estimates on the books are not conclusive, upon the plaintiff. They are admitted in evidence, however, and you have a right to consider them as evidence, and to give them such force and effect as you find they are entitled to under the evidence." To which the defendants excepted.

That DeGraff & Son had a contract with the railroad company to do the work, and that plaintiff worked under them, was not disputed. The plaintiff, upon the trial, testified that on regular work he had to take engineer's estimate—extra work not. "The engineer was to measure the work, and I was to be paid on that estimate; he, (DeGraff,) was to bring an estimate to me; the engineer was to make an estimate for contractor, and give it to him." We may assume, for the purposes of this case, that by the agreement, the estimate was to be conclusive as between the plaintiff and defendant. The agreement, however, clearly shows that the estimate which was intended to be conclusive, was the formal estimate, made by the engineer of the railroad company, and furnished to the plaintiff by DeGraff, and not the record of the engineer's measurements, kept in the books of the company. It is not claimed by the defendants that any such estimate for January and February, 1869, was ever furnished to the plaintiff. DeGraff himself testifies that he never furnished the plaintiff such estimate, and no such estimate was offered in evidence, the only evidence of estimate being the measurements recorded in the books of the company. These were not within the agreement, and were therefore not conclusive. The estimates are conclusive evidence, only when they are made so by the stipulation of the parties. *Memphis, C. & L. R. Co.* v. *Wilcox*, 48 Penn. St. 161. The charge of the court was therefore correct. This also determines the competency of the testimony on the part of the plaintiff, as to the work in question, and disposes of objections made by the defendants which we have not specially mentioned.

This is the second time the case has been tried with the same result. The testimony was conflicting, the case was fairly presented to the jury, and there is sufficient evidence to sustain the verdict.

The order denying a new trial is affirmed.