53 422
64 371

O. W. SAUNDERS vs. JAMES GALLAGHER.

Argued by appellant, submitted on brief by respondent, May 18, 1893. Decided June 8, 1893.

**Verdict Sustained by the Evidence.**
Evidence *held* sufficient to sustain the verdict.

**Evidence of Value in Corroboration.**
When the evidence is conflicting on the question whether a certain price was orally agreed to be paid for doing certain work, evidence of the value of the work is admissible. *Kumler* v. *Ferguson*, 7 Minn. 442, (Gil. 351;) *Schwerin* v. *De Graff*, 21 Minn. 354; and *Miller* v. *Lamb*, 22 Minn. 43,— followed.

Appeal by plaintiff, O. W. Saunders, from an order of the District Court of Carlton County, *O. P. Stearns*, J., made January 14, 1893, denying his motion for a new trial.

Between December 17, 1889, and June 5, 1890, James Gallagher, the defendant, cut, hauled and banked on St. Louis River, a quantity of saw-logs for the plaintiff. The question in dispute between them was whether defendant agreed to do this work for $3.25 per thousand feet and pay all expenses, as claimed by plaintiff, or was to have $1,000 for his personal services and be repaid all his expenditures in the business, as claimed by defendant. This question was the only matter submitted to the jury, and they found there was no agreed price per thousand feet; but found there was an agreement between the parties by which defendant was to act as foreman for the plaintiff at an agreed price for his services. To corroborate his claim, defendant was permitted to prove that the work was worth more than $3.25 per thousand.

*White, Reynolds & Schmidt*, for appellant.

*W. H. Hammons*, for respondent.

GILFILLAN, C. J. The evidence on the issue in the case was conflicting, the two parties testifying directly contrary to each other. The testimony of plaintiff was to some extent corroborated, but it left a fair question for the jury to determine which was the true account, and we can easily see how, from the appearance and demeanor of the witnesses, and their manner of testifying, the jury

might credit defendant rather than plaintiff. Their decision is final.

The plaintiff having testified that defendant accepted his offer of $3.25 per M. for doing the work, the defendant having squarely testified to the contrary, evidence of the value of the work was admissible, as it would tend to show which was the more credible statement. *Kumler* v. *Ferguson*, 7 Minn. 442, (Gil. 351;) *Schwerin* v. *De Graff*, 21 Minn. 354; *Miller* v. *Lamb*, 22 Minn. 43. What it cost in fact to do the work was not admissible, for, in the nature of things, neither party could know it when they made their contract. The question calling for a statement of the cost was objectionable; but the witness did not answer responsively to the question, but, instead, stated the value of the work.

Order affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 600.)