### JOHN ZELCH *vs.* P. J. HIRT.

Argued Nov. 23, 1894. Reversed Dec. 12, 1894.

No. 8961.

**Evidence in corroboration improperly rejected.**

Where the question as to the consideration for which certain notes and a chattel mortgage were given is in issue, and there is no written contract upon the subject of what constituted the consideration, evidence tending to show that the testimony of one party is more reasonable than that of the other is admissible. *Schwerin* v. De *Graff*, 21 Minn. 354, followed.

Appeal by plaintiff, John Zelch, from an order of the District Court of Hennepin County, *Robert D. Russell,* J., made March 3, 1894, denying his motion for a new trial.

On April 15, 1892, defendant, P. J. Hirt, made and delivered to plaintiff his two promissory notes, one for $275 due December 1, 1892, and the other for $250 due June 1, 1893, each bearing interest. He secured them by a mortgage upon four work horses. The notes were not paid and on September 20, 1894, plaintiff demanded possession of the horses. Being refused he commenced this action of replevin, basing his claim and title on the mortgage. The sheriff took the property and in due time delivered it to plaintiff pending the action. Defendant answered that the notes and mortgage were given without consideration. At the trial defendant testified that on April 12, 1890, he bought of plaintiff an English Shire stallion named Crafty for $1,700 and gave his notes for that amount. That plaintiff warranted the stallion to be a sure foal getter. That he was not. After two seasons' trial he returned the stallion to plaintiff who accepted him and surrendered the notes for $1,700 on which no payments had been made; that he then agreed to purchase of plaintiff another stallion to be selected from a herd then on the way from Europe; that to secure performance on his part he gave plaintiff the two notes and mortgage on which this action is based; that plaintiff never thereafter offered to defendant any other stallion or notified defendant that he had any other stallion for sale. Plaintiff denied this and testified that the notes and mortgage for $525 were given in settlement of his claim against defendant for two seasons' use of Crafty and deterioration in his value. To corroborate his testimony he offered to show the poor condition Crafty was in when returned. To this the defendant objected and the Judge excluded the evidence. Plaintiff excepted. Defendant had a verdict. Plaintiff moved for a new trial, but was refused and he appeals.

*Morphy, Ewing, Gilbert & Ewing,* for appellant.

*Lawrence, Truesdale & Corriston,* for respondent.

BUCK, J. The plaintiff brought an action in replevin to recover possession of certain horses mortgaged to him by the defendant to secure the payment of two promissory notes, amounting in the aggregate to the sum of $525, dated April 15, 1892. As to what con-

stituted the consideration for these notes and mortgage was the principal question in controversy.

It appears that some time in the month of April, 1890, the plaintiff was engaged in the business of buying and selling horses. The defendant purchased a horse of the plaintiff named "Crafty," for the sum of $1,700, and gave his three promissory notes for the same; the plaintiff representing that the horse was good for the purpose for which the defendant desired him. The horse proving unsatisfactory in this respect, the defendant returned him to the plaintiff at the end of about two years after the purchase.

·The defendant insisted that, as the horse had not fulfilled the conditions upon which he purchased him, he was entitled to return him, and receive another horse instead; and claims that it was finally agreed between themselves that the three notes given for the horse Crafty should be given up by the plaintiff, and that the plaintiff would thereafter procure and let defendant have another horse in lieu of the horse Crafty; and that defendant, in order to secure his part of said agreement, and to compel him to purchase said other horse in lieu of the horse Crafty, executed and delivered to the plaintiff the two promissory notes and chattel mortgage described in the complaint. Defendant also claims that at the same time it was agreed between the parties that the difference in value of the horse so to be purchased and the horse Crafty should be agreed upon and said notes should be adjusted between themselves at the time of the delivery of said other horse, and that plaintiff never procured or offered to deliver to defendant any other horse, and alleges that said notes and chattel mortgage are therefore void. In this respect there is a sharp conflict between the parties as to the agreement between them.

The plaintiff alleges and insists that the first horse, Crafty, fulfilled the conditions of the contract, and that when the defendant undertook to return him he was spoiled, foundered, and ruined in health, through improper care and usage, and that he offered to let the defendant have another horse in lieu of Crafty, and defendant refused such offer. It is further contended by plaintiff that it was finally agreed between them that plaintiff should retain Crafty, and should surrender up the three notes for $1,700 and a mortgage securing the same, and that the new notes and mortgage should

be given in full settlement and satisfaction of all matters in difference between said plaintiff and the defendant relating to the sale of said horse.

The case was tried before a jury, each party seeking to sustain his side upon the claims and grounds herein stated. There was no written contract in regard to the settlement, nor in regard to the consideration for the new notes or chattel mortgage securing them, outside of the instruments themselves. There had been no payments upon the $1,700 notes, and the defendant had retained and used the horse Crafty for two years, though he alleges that he was damaged in the sum of $700 by reason of the defects in the horse Crafty, and in his not fulfilling the conditions upon which he purchased him of the plaintiff. Upon the trial the plaintiff sought to prove by a witness what the condition of the horse Crafty was when he was returned to plaintiff. To this the defendant objected upon the ground that the evidence was incompetent and immaterial. The plaintiff then made this offer: "We offer to show Crafty's condition when returned, to show the consideration of the new contract which was made,—that is, that he [defendant] brought the horse back ruined in health; that is one of the elements of consideration; not the entire consideration of course." The defendant objected to the evidence, and the court sustained the objection, and the plaintiff excepted.

Evidently this testimony was offered to throw light on the transaction, and to show that the plaintiff's testimony and contention was reasonable, and more reasonable than that of the other party. One party or the other either did not understand or fully comprehend the full effect of the transaction at the time of the execution of the two notes and chattel mortgage, or else one or the other did not testify truthfully upon the trial. Any evidence, therefore, tending to show that plaintiff's testimony was more reasonable than that of the defendant should have been allowed. Its rejection took away from the jury the consideration of an element or matter which might have been considered of importance in determining which party was right in the controversy. It was competent and material evidence, and should have been admitted, leaving its value or importance to the jury. *Schwerin* v. *De Graff*, 21 Minn. 354.

The order of the court below denying the motion for a new trial is reversed, and a new trial granted.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 20.)