## LADD *v.* BROWN.

1. ESTOPPEL—INCONSISTENT DEFENSES.

A defendant is not precluded from denying the existence of an agreement relied upon by the plaintiff by the fact that, upon a former trial, he defended solely upon the ground that the plaintiff was estopped to assert such agreement, which defense, upon appeal, was held to be ineffectual.

2. EVIDENCE—MATTERS WITHIN KNOWLEDGE OF DECEDENT.

Plaintiff, as heir-at-law of defendant's deceased landlord, brought replevin for certain wheat that had been harvested by defendant after the expiration of his term.    Upon the trial plaintiff testified that, by the terms of the original agreement, a crop of wheat was to be left upon the ground when defendant should leave the place.    This testimony was contradicted by witnesses for the defendant.    The parties were also in conflict with reference to what was said between

them after the death of the landlord, defendant contending that plaintiff told him that, if he sowed the wheat, he might reenter and harvest it. *Held*, that it was not error to permit the defendant further to state what he said to the plaintiff, in the course of their conversations, as to the terms of the arrangement with the deceased landlord.

Error to Jackson; Peck, J. Submitted December 6, 1895. Decided December 30, 1895.

Replevin by Harry A. Ladd against David Brown. From a judgment for defendant, plaintiff brings error. Affirmed.

*Wilson & Cobb*, for appellant:

A party cannot change front after prosecuting his case through the courts upon one theory. *Thompson* v. *Howard*, 31 Mich. 309; *Wetmore* v. *McDougall*, 32 Mich. 276; *Henry* v. *Quackenbush*, 48 Mich. 415; *Nield* v. *Burton*, 49 Mich. 53; *Berringer* v. *Cobb*, 58 Mich. 557; *Hamilton* v. *Frothingham*, 71 Mich. 616; *Hood* v. *Olin*, 80 Mich. 296.

Defendant was erroneously permitted to show, by his own testimony, the terms of his original agreement with the deceased; the statute prohibits not only direct testimony by the survivor regarding a transaction, but also every attempt by indirection to prove the same thing. *Kimball* v. *Kimball*, 16 Mich. 211; *Dubois* v. *Baker*, 40 Barb. 562; *Grey* v. *Grey*, 47 N. Y. 554; *Koehler* v. *Adler*, 91 N. Y. 657; *Clift* v. *Moses*, 112 N. Y. 426.

*Blair, Wilson & Blair*, for appellee.

LONG, J. This case was in this court upon appeal by the plaintiff at the October, 1892, term, and is reported in 94 Mich. 136. It was reversed, and remanded for a new trial. The facts are stated in that opinion. The cause has been retried, and verdict and judgment again found in favor of the defendant, and plaintiff again appeals. It was said in the former opinion:

"If the testimony offered by the plaintiff, tending to show that there was an agreement on the part of defend-

ant to leave crops upon the ground corresponding to those which were growing at the time he took possession, is true, there was no consideration for the engagement alleged to have been made by the plaintiff [that defendant might harvest such crops after the expiration of the tenancy], and the jury should have been so instructed."

The court below gave such instruction on the present trial, and the jury found in defendant's favor upon that issue.

1. It is now contended by the plaintiff that the defendant changed his theory upon the present trial. We think this cannot be said. On the prior trial the plaintiff's testimony tended to show that, when the defendant took possession, it was agreed upon his part, with George Ladd, that the defendant would, at the end of his term, leave on the ground the same quantity of wheat as was then growing,—about 25 acres. The trial court ignored that question upon the first trial, and directed the jury, substantially, that the whole question depended on the agreement made between the parties in reference to the crops for which the replevin suit was brought; and this court directed that upon the new trial the question should be submitted whether there was an agreement upon the part of the defendant, made with George Ladd, deceased, to leave this 25 acres of wheat on the ground, and, if so, there was no consideration for the agreement made with the plaintiff in this case, that defendant might harvest the crop in controversy. We think the question was fairly submitted to the jury in this last trial, and that, in insisting upon meeting that contention, the defendant's theory was not changed.

2. It appears that, while the defendant was upon the witness stand as a witness in his own behalf, he was asked concerning a conversation which he had with the plaintiff relative to his contract with George Ladd, deceased. He was permitted to testify: "I told him that I was to have the use of the farm at five per cent. on the valuation of it. I was to have the wheat when I left the

farm, if there was any on the ground, and either come back and harvest it myself, or sell it to Mr. Ladd. I was to sell it to no third party." It was objected that this testimony was incompetent under section 7545, 3 How. Stat., as it appeared that George Ladd was then deceased, and that it was a matter equally within the knowledge of the deceased.

It appears that the plaintiff, while on the stand as a witness, testified that it was arranged that the defendant should occupy the farm, and, when he left it, should leave all crops growing on the farm; that, after George Ladd died, he had a conversation with the defendant, in which defendant said that he had an arrangement with George Ladd under which he had been occupying the farm, and that he expected to pay the same amount he had been paying,—that is, $320 per year; that he stated his term would expire with the year ending April 1, 1888. He denied that he had a talk with defendant in which he said that, if defendant sowed wheat in the fall, he might come back in the spring and harvest it.

On the direct examination of the defendant, who was called as a witness in his own behalf, he was asked to state the conversations he had with plaintiff in reference to sowing this wheat:

" Q. You heard the testimony of Mr. Ladd [plaintiff] as to your sowing wheat in the fall of 1888?
" A. Yes, sir.
" Q. Now, before you sowed that wheat, did you have any conversation with him in regard to the sowing of it?
" A. I did. It was in August, 1888. I told him that I did not know as I would put in any wheat, unless I was assured that I could take it off the ground. He said that he already owned one-half the farm, and intended to purchase the other half, and I could go on and put in the wheat, and he thought there would be no trouble about it. I first knew that he claimed title to the wheat in June, 1889."

Witness also introduced two other conversations with plaintiff about the wheat. It was in reference to these

conversations that defendant was permitted to state what was said to plaintiff of the arrangement under which the wheat was put in.

We think the court, under the circumstances, was not in error in permitting the testimony to be given. It was in answer to the plaintiff's claim that defendant was to leave the wheat on the ground, and in support of defendant's contention that the plaintiff himself had promised that defendant might take it off, if he went on and sowed it.

The judgment must be affirmed.

The other Justices concurred.