JAMES COCHRANE and Another v. WEST DULUTH INDUSTRIAL CONSTRUCTION AND IMPROVEMENT COMPANY and Another.[1]

May 11, 1896.

Nos. 9895—(86).

Evidence—Relevancy.

> In an action to recover for goods alleged to have been furnished to a corporation at the request of the defendant, who was its president, and upon his promise to personally pay for them, there was no written contract, and the evidence of the parties was conflicting as to the alleged promise of the defendant to pay for the goods. *Held*, that evidence that at the time the corporation was insolvent, and already largely indebted to the plaintiffs, and its credit worthless, was competent, as directly tending to show that the testimony of one party was more reasonable than that of the other.

[1] Reported in 67 N. W. 206.

Appeal by defendant Erick G. Wallinder from an order of the municipal court of Duluth, Edson, J., denying a motion for a new trial. Affirmed.

*Wm. R. Spencer*, for appellant.

*Allen & Baldwin*, for respondents.

MITCHELL, J. We find but one question raised by the assignments of error that is worthy of consideration. The action was for goods furnished to the West Duluth Industrial Construction & Improvement Company at the request of the defendants, and upon their promise to pay for the same. Plaintiffs' testimony was to the effect that, the company being already largely indebted to them, they refused to give it any further credit; that thereupon the defendant Wallinder, who was president of the company, promised that, if plaintiffs would honor its orders for goods, he would pay for them. He denied ever having made any such promise. The evidence on this point, which was the pivotal one in the case, was therefore conflicting, the parties squarely contradicting each other. Thereupon the court, against the objection of the defendant, permitted the plaintiffs to introduce evidence that at the time of this alleged promise of defendant, and of the delivery of the goods, the company was, and had ever since continued to be, insolvent and unable to pay its debts, that its credit was worthless, and that it was already indebted to plaintiffs on an overdue claim of over $600, which had never been paid. We think that under the circumstances the evidence was competent and relevant, as having a logical tendency to prove the fact in issue.

The general rule is that evidence of collateral facts is inadmissible. The objections to such evidence are practical, viz. that it has tendency to protract the trial unreasonably, to distract the minds of the jurors from the point in issue, and is also liable to take the adverse party by surprise, and unprepared to rebut it. But such evidence may be admitted whenever the collateral fact will have a direct, logical tendency to shed real light on the question in issue. The due application of this rule will often tax the discrimination of the trial judge, to whom, however, a considerable discretion must be allowed in admitting or excluding evidence of this kind. It is difficult to conceive of any evidence that would have more logical probative force in determining the issue in this

case than that under consideration. If the company had been solvent, and its credit good, it is highly improbable that plaintiffs would have refused it credit, or have insisted on defendant Wallinder becoming responsible for goods furnished to it. On the other hand, if it was insolvent, in bad credit, and already largely in debt to the plaintiffs, nothing is more probable than that the plaintiffs should have refused to give it further credit, or to continue to furnish it goods except on the responsibility of some one else. The evidence was competent and relevant on the same ground upon which we have repeatedly held that where there is a conflict of evidence as to the agreed price of an article, and there is no written contract, evidence of its actual value at the time is competent. Kumler v. Ferguson, 7 Minn. 351 (442); Schwerin v. De Graff, 21 Minn. 354; Miller v. Lamb, 22 Minn. 43; Saunders v. Gallagher, 53 Minn. 422, 55 N. W. 600; Zelch v. Hirt, 59 Minn. 360, 61 N. W. 20.

Order affirmed.