M. GLASSBERG and Another v. O. H. OLSON.[1]

May 1, 1903.

Nos. 13,447—(43).

**Evidence—Collateral Facts.**

> Whenever there is a conflict in the testimony of witnesses relevant to the issue, evidence of collateral facts, which have a direct tendency to show that the statements of the witnesses on one side of the issue are more reasonable, and therefore more credible, than those on the opposite side, is admissible. Rule applied, and *held*, that the trial judge did not err in his rulings as to the admission of such evidence.

Appeal by plaintiffs from an order of the district court for Washington county, Williston, J., denying a motion for a new trial. Affirmed.

*Alvord C. Egelston* and *Egelston & Johnson,* for appellants.
*Manwaring & Sullivan,* for respondent.

START, C. J.

Action to recover damages for the refusal of the defendant to award to the plaintiffs a subcontract for certain roofing and cornice work, pursuant to his alleged agreement so to do. Verdict for the defendant, and the plaintiffs appealed from an order denying their motion for a new trial.

The complaint alleged that the plaintiffs were engaged in the roofing and cornice business, and that the defendant was a general contractor; that on January 14, 1902, the defendant was desirous of submitting a bid for the building of a courthouse to be erected by the county of Renville, this state, and agreed with the plaintiffs that if they would prepare and submit to him a bid for the roofing and cornice for the proposed building he would, in the event of his being awarded the contract by the county, accept their bid, and award to them the subcontract for the roofing and cornice in accordance with their bid; that they gave to the defendant their bid for such work, which the defendant received, and submitted a bid for the erection of the building, which was

[1] Reported in 94 N. W. 554.

accepted, and the contract awarded to him; and that he refused to award to them the subcontract for the roofing and cornice work, to their damage in the sum of $1,000.

The answer denied that the defendant ever made the alleged agreement; admitted and averred that he requested the plaintiffs to submit to him an estimate and bid for such roofing and cornice; that they stated to him that they would furnish the materials, and do the work required for the construction of the roofing and cornice, for the sum of $7,434; that this sum was so unreasonably excessive that he at once declined to consider the offer, and so informed the plaintiffs; and, further, that he did not use the plaintiffs' estimate and bid in preparing and making his own bid for the erection of the courthouse, but used a lower estimate, based upon other proposals therefor and his own knowledge. The reply denied the allegations of the answer.

The plaintiffs gave evidence tending to show that the defendant made the contract alleged in the complaint. They also testified in effect that the defendant requested the estimate and bid of them the evening before the day upon which he was to submit his own bid for the erection of the building; that he was unable to figure on the work and put a price on it; that he had no estimate or bid on the roofing and cornice, and that he actually used the figures submitted by the plaintiffs in making his own bid.

There was a sharp conflict in the testimony of the respective parties as to the main issue of the case. The defendant, as a witness in his own behalf, denied that he ever made the alleged contract, and, over the objection of the plaintiffs, testified that in preparing the amount of his own bid he did not use the figures given him by the plaintiffs; that he had made an estimate of the cost of the roofing and cornice before asking or receiving the bid of the plaintiffs, and, in corroboration thereof, produced his written estimate, which was offered and received in evidence; and further, that the total of the figures—$6,100—in such estimate, less $228, were the figures he used in making his own bid for the work. The plaintiffs here assign as error the receiving of such testimony and estimate in evidence, for the reason that they were immaterial and prejudicial, in that they were calculated to con-

fuse the jury and divert their minds from the real issue in the case.

If the defendant made the alleged contract, it is immaterial whether he used their figures or not as a basis for his own bid, or used the estimate which he claimed to have previously made. But, whenever there is a conflict in the testimony of witnesses relevant to the point in issue, evidence of collateral facts which have a direct tendency to show that the statements of the witnesses on one side are more reasonable, and therefore more credible, than those on the opposite side, is admissible. A considerable discretion, however, must be allowed to the trial judge applying the rule. Cochrane v. West Duluth Ind. Const. & Imp. Co., 64 Minn. 369, 67 N. W. 206. There was no abuse of his discretion on the part of the trial judge in this case. If it was competent for the plaintiffs to testify that the defendant used their estimate and bid in preparing his own bid, it was certainly competent for the defendant to show by his own testimony, or by any other competent evidence, that he did not use them. If it was competent for the plaintiffs to show that the defendant had no estimate on the subcontract work, and was unable to figure on the work and put a price on it, it certainly was competent for him to give evidence to the contrary. Such evidence was admissible within the rule we have stated.

The only part of the evidence as to which there can be any fair doubt as to its admissibility is the defendant's written estimate; but we are of the opinion that the trial judge did not abuse his discretion in admitting it, there being no reason to believe that it was a self-serving statement manufactured for the purpose of the trial. The defendant having properly testified that he did not use the plaintiff's estimate, but that he then had one made by himself, the production of such estimate would tend to corroborate him. On the other hand, if he had not produced it or accounted for its nonproduction, it would have been a fact which might have been legitimately urged against the credibility of his testimony. It was not error to receive any part of the evidence of which the plaintiffs complain.

Order affirmed.