JANE A. PHILIPS and Another v. KNUD E. MO and Others.[1]

January 15, 1904.

Nos. 13,730—(156).

**Mortgage.**

In this, an action to have an absolute deed declared to be a mortgage and to redeem therefrom, the findings of fact are sustained by the evidence.

**Evidence.**

In the practical application of the rule that evidence is admissible of collateral facts which have a direct tendency to show that the testimony of the witnesses on one side of the issue is more reasonable than that of the other side, a fair discretion is allowed the trial court, and evidence of such collateral facts is to be received with caution.

**Evidence of Collateral Facts.**

The trial court did not err in refusing to receive evidence of such collateral facts, nor in rejecting certain evidence offered in rebuttal.

[1] Reported in 97 N. W. 969.

Appeal by plaintiffs from an order of the district court for Red-wood county, Webber, J., denying a motion for a new trial, after a trial and findings in favor of defendants. Affirmed, without prejudice to plaintiffs' right to apply for a modification of the findings.

*Thos. Hessian, C. R. Davis, and P. J. McLaughlin, for appellants.*

*Somerville & Olsen, for respondents.*

START, C. J.

This is an action to have an absolute deed, which was executed by the plaintiff to the defendant Knud E. Mo for four hundred acres of land in the county of Redwood, declared to be a mortgage, and to redeem therefrom.

The complaint alleged, in effect, that the plaintiff Jane A. Philips was at the time hereafter stated the owner of the land, subject to a mortgage thereon, which had been foreclosed on August 29, 1896, and the land bid in by the mortgagees, Messrs. Alden & Dutton, for $5,876.75, and the usual certificate of sale executed to them; that the plaintiffs, on August 24, 1897, made a contract with the defendant Knud E. Mo, whereby he was to loan to them the money necessary to redeem the land from the foreclosure sale; that pursuant to such contract he paid to the holders of the certificate of sale the amount then due thereon, $6,548.37, and took from them a quitclaim deed of the land and an assignment of the certificate; that the plaintiffs also executed to him a quitclaim deed of the land upon his promise to reconvey the land to the plaintiff Jane A. Philips on being paid the amount so advanced, with interest at the rate of seven per cent. per annum; that the deed was executed as security for such payment; that the plaintiffs remained in possession of the land, and paid as interest on the loan the sum of $955; that the defendant Knud E. Mo conveyed the land by quitclaim deed to the defendant Hans Mo, and also gave a mortgage thereon to the defendant Mark D. Mitchell; and, further, that the plaintiffs are ready and willing to pay the amount of such loan and redeem the land, but the defendants deny their right so to do. The complaint demanded judgment that the deed be declared a mortgage, that the amount due thereon be ascertained, that the plaintiffs be allowed to redeem the land, and for general relief.

The answer admitted the purchase of the certificate of sale and the

amount paid therefor by the defendant Knud E. Mo, but denied the making of the contract alleged in the complaint, and alleged that the contract between the parties was to the effect that the defendants Knud E. Mo and Hans Mo, in consideration of the conveyance of the land to Knud E. Mo by quitclaim deed, agreed to convey to the plaintiffs, or one of them, the north eighty of the land upon being paid within a reasonable time the amount paid by them for the eighty acres, in the purchase of the certificate of sale, interest, and taxes; that such purchase price was $1,309.65, and the taxes $53.50, and that the plaintiffs have never paid any part thereof; and, further, that after the execution of the quitclaim deed the defendant Knud E. Mo leased the land to the plaintiffs at an agreed annual rental of $458.38; that only $843 has been paid on such rent; and, further, that since August 26, 1897, the plaintiffs have been in possession of the land as the tenants of the defendant Knud E. Mo.

The trial court found the facts to be as alleged in the answer, and, further, that the land was worth no more than $6,800 at the time the contract was made, but that it is now of the value of $16,000. The sixth finding of fact was as follows:

"That on the 26th day of August, 1897, the plaintiffs duly executed and delivered to the defendant Knud E. Mo a quitclaim deed conveying to said defendant all of the land described in the complaint herein. That in consideration of the giving of said quitclaim deed the defendants Knud E. Mo and Hans Mo made and entered into the following verbal agreement with the plaintiffs, viz., that in consideration thereof the said defendants would, upon the payment to them of the amount paid by the defendants. to Alden and Dutton for the north eighty acres of said land, being the northeast quarter of the northwest quarter and the northwest quarter of the northeast quarter of said section 19, township 109, range 39, aforesaid, and payment of the taxes, if any, paid by the defendants thereon, and interest upon said purchase money and taxes at seven per cent. per annum, then said defendants would convey to the plaintiffs, or one of them, the said eighty acres of land, provided such payment be made within a reasonable time there-

> after. That the purchase price paid by Knud E. Mo to Alden
> and Dutton for said eighty acres of land was one thousand
> three hundred and nine and $^{65}/_{100}$ ($1,309.65) dollars. That
> the defendants have paid the taxes thereon since said date,
> amounting, with interest, to fifty-three and $^{50}/_{100}$ ($53.50) dol-
> lars, and that the plaintiffs have never paid any part thereof."

As a conclusion of law the trial court found that the plaintiffs were
not entitled to any relief whatever, and directed judgment accordingly.
The plaintiffs appealed from an order denying their motion for a new
trial.

1. The first contention of the plaintiffs to be considered is that the
findings of fact by the trial court are not sustained by the evidence.
The evidence as to the contract between the parties was conflicting.
Each of the plaintiffs testified to the making by the parties of the con-
tract alleged in the complaint, and their testimony was corroborated
by the fact that they remained in possession of the whole land after
the giving of the quitclaim deed, and made substantial improvements
thereon. The defendants Knud E. Mo and Hans Mo each testified
to the making of the contract by the parties alleged in the answer,
and their testimony was corroborated by the fact that the land at
the time the contract was made was worth but little more than the
amount necessary to redeem it from the foreclosure sale, and that
there was no promise or obligation, written or otherwise, on the part
of the plaintiffs to repay the amount paid by the defendants for the
land. There was also evidence on behalf of the defendants tending
to show that the plaintiffs remained in possession of the land after the
making of the contract as tenants of the defendant Knud E. Mo. It
is clear that the question as to what the terms of the contract were
depends upon the credibility of the respective witnesses, of which the
trial court was the best judge. We therefore hold that the findings
are sustained by the evidence, within the familiar rule in such cases.

2. On the trial, and as a part of the redirect testimony of the plain-
tiff Robert D. Philips, the plaintiffs offered in effect to show that a
Mr. Keyes, of St. Charles, this state, was present at the time the quit-
claim deed from plaintiffs to defendant Knud E. Mo was executed,
and was then ready and had agreed to furnish the money to redeem

from the foreclosure sale, in order to secure title to the whole land to the plaintiffs; and, further, that the witness communicated such fact to the defendant Knud E. Mo. The court sustained the defendants' objection to this offer, and excluded the proposed evidence. This ruling is here urged as error. The rule is well settled that. whenever there is a conflict in the testimony of witnesses relevant to the issue, evidence is admissible of collateral facts which have a direct tendency to show that the testimony of the witnesses on one side of the issue is more reasonable than that on the other side. It is the contention of the plaintiffs that the offered evidence was within this rule. In the practical application of the rule a fair discretion must be allowed to the trial court, and evidence of such collateral facts is to be received with caution. The reason for this qualification of the rule is obvious, for evidence of such collateral facts tenders new issues which tend to prolong the trial, to bewilder the jury and divert their minds from the real issue, and to take the opposite party by surprise, and unprepared to meet the new issues. Slingerland v. Slingerland, 46 Minn. 100, 48 N. W. 605; Cochrane v. West Duluth Ind. Const. & Imp. Co., 64 Minn. 369, 67 N. W. 206; Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554.

The question, then, is not whether it would have been reversible error for the trial court to have admitted the offered evidence, but whether the plaintiffs were entitled, as a matter of strict legal right, to have the evidence received. We are of the opinion that the trial court was justified in the exercise of a fair discretion in refusing to receive the offered evidence, for it was largely self-serving, and of a character to take the defendants by surprise, and unprepared to meet it. The defendant Knud E. Mo testified as a witness on the part of the defendants without objection that the plaintiff Robert D. Philips told him that Mr. Keyes had promised to buy the land at the redemption price, and sell him back eighty acres thereof at the same price that it would cost him. In rebuttal Mr. Philips was called, and testified that there was no such talk between the parties whatever. The plaintiffs then offered to show by the witness that in the conversation referred to their alleged agreement with Mr. Keyes was talked over with Mr. Mo, and that he was then informed. that Mr. Keyes would redeem the land for the plaintiffs, and give them time to redeem the

whole thereof. The trial court, on the objection of the defendants, excluded the offered evidence on the ground that it was not material, nor proper rebuttal. This ruling is also urged as error.

It was correct, for the record does not present a case where one party testifies to a part only of a conversation and the opposite party is called to testify to the whole of the conversation so far as it is relevant to the issue. This case is simply one where one party unqualifiedly denied that there was any such conversation as that testified to by the opposite party; hence there was nothing to qualify or explain. The only effect of the offered evidence if received would have been to admit evidence on rebuttal of collateral facts which had been properly excluded when offered as a part of the plaintiffs' case in chief. The plaintiffs urged other alleged errors in the rulings of the trial court in rejecting evidence offered by them in rebuttal. Such offers do not differ in principle from the last one described. We find no reversible errors in any of the rulings.

The last alleged error to be considered is to the effect that the conclusion of law of the trial court that the plaintiffs are not entitled to any relief whatever is not justified by the facts found, for the reason that they show that the plaintiffs are entitled to redeem or repurchase the eighty acres of land described in the sixth finding of fact on payment of the amount therein stated, with taxes and interest. This claim was made for the first time in this court. It is apparent from the record that this phase of the case was not even suggested to the trial court, and that all the plaintiffs are now entitled to is a fair opportunity to present the question to that court.

The order appealed from must be affirmed, but without prejudice to the right of the plaintiffs to apply to the district court to so modify its conclusion of law as to permit them to redeem or repurchase the eighty acres of land described in the sixth subdivision of the findings of facts, on such terms as may be equitable, or to take such other action or proceeding as to such eighty acres of land as they may be advised. So ordered.