HENRY J. PETERS v. GUSTAV C. SCHULTZ and Another.[1]

January 29, 1909.

Nos. 15,801—(155).

**Gift of Promissory Note—Evidence.**
> Action upon a promissory note executed by the defendants to plain-
> tiff's intestate. The defendants claimed that the deceased made a gift
> of the note to his daughter, one of the defendants. *Held*, that the ver-
> dict for the plaintiff is sustained by the evidence, and that the trial court
> made no reversible errors in its rulings on the admission of evidence.

Action in the district court for Ramsey county by the administrator
of the estate of Carl Peters, deceased, to recover $1,800, balance due
upon a promissory note. The answer admitted the making of the note
and set up that the intestate surrendered the note to his daughter, the
defendant Amelia K. Schultz, as a gift. The case was tried before
Olin B. Lewis, J., and a jury which returned a verdict in favor of
plaintiff for $1,794.21. From an order denying a motion for judg-
ment notwithstanding the verdict or for a new trial, defendants ap-
pealed. Affirmed.

*Owen Morris,* for appellants.
*John D. O'Brien* and *John Dillon O'Brien,* for respondent.

START, C. J.

On March 16, 1902, the defendants executed to Carl Peters, the
plaintiff's intestate, their promissory note dated on that day, and there-
by for value received promised to pay to his order $2,000 two years
after date, with interest payable annually at the rate of five per cent. per
annum. This is an action brought in the district court of the county
of Ramsey by the plaintiff, as administrator of the estate of the payee,
to recover a balance due on the note. The complaint alleged the ex-
ecution of the note. The answer admitted the making of the note, and
alleged as a defense that the payee of the note, on September 20, 1905,
surrendered and absolutely gave the note to his daughter, the defend-
ant Amelia K. Schultz. The reply denied the alleged gift. This is-

---

[1] Reported in 119 N. W. 385.

sue was submitted to a jury and a verdict returned for the plaintiff. The defendants made a motion for judgment in their favor notwithstanding the verdict, or for a new trial, and appealed from an order denying their motion. The assignments of error raise two general questions.

1. The first one is to the effect that the defendants were, upon the evidence, entitled to an instructed verdict in their favor; hence the court erred in not granting their motion for judgment, or a new trial. To justify a judgment in any case notwithstanding the verdict, the undisputed evidence and the only inferences which can reasonably be drawn therefrom must be such as to require, as a matter of law, a directed verdict for the moving party. The record shows that the defendant Mrs. Schultz testified to facts tending to establish the gift. She was also corroborated indirectly by the testimony of other witnesses tending to show statements of her father to the effect that he had not done as much in a pecuniary way for her as he had for his other children, that she was more deserving than they, and that he was going to do something for her. On the other hand, there was evidence tending to show conduct on the part of the defendants inconsistent with the claim of a gift of the note to Mrs. Schultz; that two payments of $200 each were indorsed on the note on different dates by direction of his wife, after the date of the alleged gift; and, further, that no claim was made by the defendant Mrs. Schultz that her father had given the note to her until after his death, nor until a controversy had arisen over his alleged lost will. The plaintiff as a witness on his own behalf testified that in his father's will, which he read before it was lost, the children of the testator were severally charged with a named sum as an advancement, and that Mrs. Schultz was charged therein with $1,800 as an advancement, the amount claimed by the plaintiff in this action to be due upon the note. He further testified on cross-examination as follows: "Q. And you are in this case suing her for the $1,800 which your father had given her; is that right? A. Not given her; given as an advancement; not supposed to be a gift in that will. Q. You are in this case suing her for $1,800 which your father had given her as an advancement? A. Yes, sir."

It is urged by the defendant that this evidence shows that the note, according to the claim of the plaintiff was given to Mrs. Schultz

as an advancement, and therefore, if such were the case, the father could not thereafter have maintained an action on the note, nor can his administrator do so; hence the defendants are entitled to judgment in their favor notwithstanding the verdict. The evidence does not justify this conclusion, for the plaintiff's alleged cause of action is not upon an advancement made to Mrs. Schultz, but on the note. The evidence was evidently offered as an act and declaration of the deceased payee, tending to show that he had not made a gift of the note to his daughter as she claimed; for, if he made an absolute gift of it to her, the amount due thereon could not be charged as an advancement against her interest in the estate. The will was never probated, for the reason that it could not be found after the testator's death, and the attempt to probate it as a lost will failed. Therefore it never became operative, and was not proof of an advancement. It follows that the undisputed evidence did not require an instructed verdict for the defendants, and that so much of their motion as asked for a judgment notwithstanding the verdict was properly denied. Nor did the trial court err in denying the motion for a new trial. The jury were not bound to accept as true the testimony of the daughter that her father made an absolute gift of the note to her, for the evidence clearly made the question of her credibility one for the jury. Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140.

2. The remaining assignments of error relate to the rulings of the trial court as to the admission of evidence. It is urged in this connection that it was error to admit evidence with reference to the contents of the will. As we have suggested, it was not an attempt to prove a will, but simply to show an act and declaration of the deceased payee inconsistent with the claim that he had made an absolute gift of the note. The defendants had offered evidence, which was received, of the acts and declarations of the payee tending to show the relations between him and his daughter, and tending indirectly to corroborate her claim. If such evidence on the part of the defendants was relevant and properly received, and it was, surely evidence of like character on behalf of the plaintiff, tending in some degree at least to rebut her claim, was also relevant and properly received. The plaintiff testified in effect that the defendants had possession of a box in which his father was accustomed to keep his papers; that in searching for

the lost will he went to the house of his sister, Mrs. Schultz, to look in the box for the will, and in a conversation with her he said that their father told him there was $100 in the box which was to be used for funeral expenses; that she replied that their father told her there was $100 in the box which the children could divide among themselves.

This evidence was received over the objection of defendants that it was not competent for the plaintiff to testify of or concerning any conversation with his deceased father, and that in so testifying he was doing indirectly that which the statute (R. L. 1905, § 4663) forbade. A party to an action or any person interested in the event thereof cannot testify as to a conversation with or admission of a deceased person relative to any matter at issue. This provision cannot be evaded by indirection; but a reading of the testimony does not justify the conclusion that there was any attempt by the witness to evade the statute. On the contrary, it appears that the statement of the father referred to was a mere incident in a conversation between the brother and sister, which was given in evidence to show the admission of the defendant Mrs. Schultz that she had been told by the father that the box contained $100. Again, the statement of the father was only indirectly relevant to the issue, if at all; but it was not objected to on the ground that it was immaterial. We are of the opinion that under the circumstances disclosed by the record the trial court did not err in permitting the plaintiff to testify to the conversation between himself and the defendant Mrs. Schultz on the ground urged. See Hirsh v. Auer, 146 N. Y. 13, 40 N. E. 397, and Ladd v. Brown, 108 Mich. 105, 65 N. W. 520.

A number of other alleged errors are assigned as to other rulings of the trial court on the admission of evidence. We have examined them all. Much of the proposed evidence, which was excluded on the objection of the plaintiff and herein made the basis of many of the assignments of error, related to collateral matters which it is claimed would have tended to show that the testimony of the defendants as to the alleged gift was reasonable and therefore credible. The proposed evidence was to the effect that the father and his daughter Amelia had secrets of which his other children did not know, that he had expressed friendship and affection for each of the defendants, that he told a third person not to tell any one that he had seen him go to his

daughter Amelia's house, and that his other children did not want him to visit her. The extent to which evidence of this character may be received rests in the fair discretion of the trial court. Philips v. Mo, 91 Minn. 311, 97 N. W. 969. The trial court received evidence tending to show the relations between defendant Mrs. Schultz and her father and his statements as to his intention to provide specially for her. The court did not abuse its discretion in rejecting the proposed cumulative evidence.

We find no reversible error in the other rulings of the trial court.

Order affirmed.