OSCAR W. JOHNSON v. JOHN SINCLAIR AND ANOTHER.[1]

July 5, 1918.

No. 20,888.

**Breach of contract — verdict sustained by evidence.**

1. In an action to recover damages for the breach of a contract, it is *held* that the evidence supports the verdict both as to the terms of the contract and the amount of damage suffered from the breach thereof, and that the record presents no error in the instructions of the court or in its rulings on the admission of evidence.

**Corroborative evidence to explain oral contract.**

2. Schwerin v. DeGraff, 21 Minn. 354, as to the admissibility of corroborative evidence in a case where the terms of a verbal contract are in dispute followed and applied.

Action in the district court for Pine county against the persons doing business as Sinclair & Hogan to recover $1,637 for breach of contract. The answer to the amended complaint set up the contract mentioned in the second paragraph of the opinion; that defendants had fully performed their part of the agreement and paid all sums agreed to be paid to plaintiff; that plaintiff failed in part to perform his part of the agreement in that he wasted 30,000 feet of the logs by sawing the same into slabs, and set up a counterclaim for $173. The case was tried before Nethaway, J., who when the parties rested denied defendants' motion

[1]Reported in 168 N. W. 181.

for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $1,118.93. From an order, Cant, J., acting in place of the judge of the Nineteenth judicial district, denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed.

*Hurley & Hurley*, for appellants.

*Andrew Nelson* and *John Cedergren*, for respondent.

BROWN, C. J.

Action for damages for breach of contract in which plaintiff had a verdict and defendants appealed from an order denying their motion for judgment or a new trial.

It appears that plaintiff owned a portable sawmill which, at the date of the contract out of which the action arose, was located at South Range, in the state of Wisconsin, where plaintiff previously had been engaged in sawing and manufacturing lumber for the local trade. Defendants at the same time were engaged in the logging and lumber business at Belden, in Pine county, this state, some 40 or more miles from South Range. Negotiations between the parties resulted in a contract by which plaintiff moved his sawmill and fixtures to Belden, for the purpose under the terms of the agreement of sawing into lumber the logs cut and brought to the mill by defendants during the logging season of 1914-1915. The evidence of plaintiff was direct and specific that defendants, to induce the removal of the mill to Belden, promised and agreed to furnish for that season one million feet of logs to be sawed and turned into lumber, and that solely in reliance thereon plaintiff at considerable expense moved his mill, fully equipped for the performance of the contract. The complaint alleges that defendants failed and refused to perform the contract in this, that only 307,735 feet of saw logs were furnished by them to be sawed into lumber, when they had agreed to furnish and deliver at the mill for that purpose one million feet. The action is to recover damages for this alleged breach of the contract.

The principal issue in the case arises from the explicit denial by defendants that the contract imposed upon them the obligation to furnish or deliver one million feet of logs; their claim being that the quantity

was not specified, and was limited to such number of logs as defendants might deliver at the mill during the season. And aside from the amount of damages the issue thus raised presented the main question in the case on the trial. The contract was not in writing.

The assignments of error present two general questions: (1) Whether the evidence supports the verdict; and (2) whether reversible error was committed by the trial court in the rulings on the admission or exclusion of evidence or in its instructions to the jury.

The questions so presented do not require extended discussion. A careful reading of the record leads to the conclusion that the verdict is sufficiently supported by the evidence, a discussion of which would serve no useful purpose. The pivotal issue of fact for the jury was whether the contract obligated defendants to furnish and deliver one million feet of logs to be sawed into lumber. Plaintiff asserted that claim and defendants explicitly denied it. In that situation of the evidence, coupled with the approval of the verdict by the trial court, there can be no interference by this court. There have been three trials of the action on each of which plaintiff had a verdict. While the first two verdicts were set aside and a new trial granted, the third met approval of the trial court, and there the case must rest, for there is no basis for the conclusion that the result is clearly or manifestly against the evidence.

The special contention of defendants that plaintiff was without ability to perform the contract, had the full quantity of logs been delivered at the mill, is without force as a question of law. The contention is founded on the claim that by the contract plaintiff undertook completely to perform the same by June 1, 1915, and that, by reason of the limited capacity of his mill, performance within that time was impossible. Whether plaintiff agreed to perform by June 1, was on the evidence a fair question for the jury. Plaintiff denied the alleged limitation as to time, and the verdict supports his version of the contract in that respect.

There were no errors of a character to require a fourth trial of the action. The evidence as to the cost of removing the mill to Belden was admissible as in a measure corroborating the plaintiff's claim as to the terms of the contract in respect to the quantity of logs to be furnished thereunder by defendants. If the quantity was limited to that which de-

fendants might choose to furnish, an inference would naturally arise that plaintiff would not have incurred a large removal expense for the purpose of performing a contract the returns whereof in profits would be left wholly in doubt. The contract was not in writing and the case within the rule applied in Zelch v. Hirt, 59 Minn. 360, 61 N. W. 20, and Schwerin v. DeGraff, 21 Minn. 354. The court correctly charged the jury on the measure of damages and the evidence fairly considered justifies the amount of the verdict. Though the court did not say to the jury in so many words that in estimating the cost to plaintiff in the performance of the contract, as to the unfurnished logs, the value of his own time should be included, the language of the charge covered the matter in a general way, and, if any doubt was left in the mind of counsel whether the point was sufficiently made clear to the jury, attention should have been called to the matter at the close of the charge. The point was included in one of defendants' requests and the court evidently intended to so charge. The rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies.

The other points made do not call for special mention. We have considered them all and discover no error. The evidence supports the verdict both as to the terms of the contract and the amount awarded as damages, and a fourth trial would be of no benefit to either party. Fischer v. Sperl, 100 Minn. 198, 110 N. W. 853; Atwood Lumber Co. v. Watkins, 94 Minn. 464, 103 N. W. 332.

Order affirmed.