# MARTHA B. PATZWALD v. JOSEPH J. PATRICK.[1]

April 7, 1933.

No. 29,274.

*Leach & Swore* and *F. W. Murphy,* for appellant.
*Dell & Dell,* for respondent.

WILSON, Chief Justice.

Defendant appealed from an order denying his motion for a new trial. He is a farmer and money loaner, worth perhaps $75,000. Plaintiff is the wife of a tenant farmer. She and her husband borrowed $1,800 from defendant, securing the same by a chattel mortgage on their farm equipment, including household goods. Plaintiff declined defendant's solicitation for unlawful sexual relations. He then made lascivious advances toward plaintiff under circum-

[1]Reported in 248 N. W. 43.

stances constituting an assault. On one occasion it is claimed he deceitfully induced the husband to absent himself. Defendant took liberties with plaintiff on three different occasions, each perhaps involving circumstances amounting to an assault. These occurred on June 26, June 30, and July 11, 1930. The third and last occasion was a base, obscene, and indecent assault involving force. He forced her into a bedroom and onto a bed, where he pressed for carnal embrace. His conduct was such as to be very revolting to a good woman. He did not accomplish his purpose, but in an unchaste manner he indulged in sensual delight and partially satisfied his lust and carnal appetite. The details are disclosed by the record.

Plaintiff told defendant that she would tell her husband of his conduct, and he told her if she did he would foreclose his mortgage and asked her which she would like better, to lose everything, including her household goods, or to keep still.

Of course we are required to accept the facts as reflected by the verdict. The jury awarded plaintiff a verdict in the sum of $4,500.

■ Plaintiff has always been excitable. The assault made her nervous, and she has not since been in good health. It made her worry. She was humiliated. She was necessarily much shocked by defendant's bold purpose, sinister and black. To her he was a despoiler. The character of the assault and the persistency and repetition with renewed vigor after defendant knew his advances were unwelcome permits and authorizes the award of punitive damages. There was no serious physical violence, but a woman of proper conduct, as this plaintiff apparently was, has the right to keep her body inviolable. The verdict carries punitive damages. The jury undoubtedly intended a verdict, which has the approval of the trial court, to be some punishment. We find nothing in the record to require or justify our disturbing the amount thereof. We cannot say that it is excessive.

■ Appellant now complains that many irrelevant and prejudicial matters were injected into the evidence, but we are of the

opinion that the major portion of these had their origin in questions asked by defendant's counsel. None were serious, and when all are considered they are insufficient to warrant our granting a new trial. Discussion of each is unnecessary.

In November, 1930, defendant went to plaintiff's home at a time when a Mrs. Jahnke and her two children were in the house with plaintiff. Plaintiff and Mrs. Jahnke testified at the trial, over defendant's objection, that when they saw defendant come on the premises they locked the door to the house and took the children and went upstairs; that defendant went to the machine shed and other places and came to the door and knocked, but they did not answer; he being at the farm 10 or 15 minutes. The objection was incompetent, irrelevant, and immaterial, self-serving and prejudicial. Ordinarily, this testimony should have been excluded. Perhaps it would have been better had it been excluded in this case. It was obvious, however, to the court that there was to be a sharp conflict in the testimony of plaintiff and defendant, and under such circumstances much must be left to the discretion of the trial court. It was held in Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554, that whenever there is a conflict in the testimony of witnesses relevant to the issue, evidence of collateral facts which have a direct tendency to show that the statements of the witnesses on one side of the issue are more reasonable and therefore more credible than those on the opposite side is admissible. This rule is not to be extended or enlarged, and it should be applied with great care and caution. We are of the opinion, however, that upon this record and in view of the mass of evidence in behalf of plaintiff, the court did not abuse its discretion in receiving this evidence, which apparently added little, if anything, to plaintiff's proof. There is nothing in the record casting suspicion upon the truthfulness of this particular testimony upon the part of these two witnesses. Even the defendant himself does not deny that he was present and knocked at the door on that particular occasion.

Affirmed.

OLSEN, JUSTICE, took no part.