RALPH KEYSER v. WILLIAM M. ROBERTS AND OTHERS.[1]

November 30, 1934.

No. 30,019.

*Pfaender & Glotzbach,* for appellant.
*Flor & Reim* and *Somsen & Dempsey,* for respondent.

*HILTON, Justice.*

Action against the makers and indorser of a promissory note. The makers did not put in an answer. The jury returned a verdict in favor of plaintiff against all of the defendants. Defendant Rob-

[1]Reported in 257 N. W. 503.

erts, the indorser of the note, appeals from an order of the trial court denying his motion for a new trial.

The note was for $48 and was executed by one Helget and his wife. It was payable to defendant Roberts, who, before maturity thereof, transferred it to plaintiff as part of the $65 purchase price of a Shetland pony. The balance was paid by personal check. The pony was delivered to Roberts, and he has retained possession thereof ever since. The complaint declared on the indorsement of the note by defendant. The answer admitted assignment and transfer thereof by defendant to plaintiff, but alleged that the same was "without recourse." On the back of the note there was a printed guaranty, just below which Roberts had written with a typewriter: "Pay to the order of ...... Keyser, without recourse." At the time the transaction for the purchase of the pony was consummated plaintiff's first name, "Ralph," was filled in by Roberts with a fountain pen, and in like manner Roberts' signature was affixed by him. When the note was introduced at the trial the words "without recourse" had been stricken out with pencil. Whether those words were stricken before or after the indorsement and delivery of the note to plaintiff was the only question for the determination of the jury.

Plaintiff and his father testified that the words "without recourse" were stricken by Roberts at the request of plaintiff before the note was indorsed by defendant and before delivery thereof to plaintiff. Plaintiff testified that he refused to accept the note with those words thereon, and that thereupon defendant said he would "fix that" and drew the lines through the words objected to. Defendant denied this. His testimony was corroborated by another witness, who plaintiff, his father and brother testified was not present at the transaction. Plaintiff further testified that he did not know the Helgets and never made any effort to investigate their financial responsibility; that he knew Roberts was a local business man and that he relied upon him for payment of the note. The circumstance that plaintiff's first name and Roberts' signature were written in ink and the lines through the words "without recourse" were made with a lead pencil was stressed by defendant at the trial and clearly

brought to the attention of the jury. The verdict shows it believed plaintiff's version of what actually took place. Certainly, under the conflicting evidence, it had a right so to do.

It is practically conceded that the evidence sufficiently supports the verdict, but it is contended that the trial court erred in admitting, over objection, evidence showing that Helget had filed a petition in voluntary bankruptcy and was adjudged a bankrupt two or three weeks after the transaction between defendant and plaintiff had taken place. The evidence objected to was the testimony of defendant that shortly after such adjudication he had knowledge thereof, and also a certified copy of the order adjudging Helget a bankrupt. Defendant (the first witness called) was then on the stand for cross-examination under the statute. The objections thereto were made mainly upon the ground that it was incompetent and immaterial, inadmissible under the pleadings in the case, no misrepresentation or fraud having been alleged in the complaint. The court in overruling the objections stated: "The matter has a direct bearing, perhaps, upon the reasonableness of the transaction which is in issue here." Considering the nature of the objections made, the stated reasons for the admission of this evidence and the then stage of the trial, even if it be assumed that such admission was error, it was not prejudicial.

Affirmed.

STONE, Justice (dissenting).

I cannot escape the conclusion that the admission of the evidence of Helget's bankruptcy, a considerable time after the transfer of the note, was error in the absence of a preliminary showing that either Keyser or Roberts, or both of them, knew that Helget was in financial difficulty at the time of the transaction. Without such knowledge, or at least some reason to believe that Helget was in financial straits, it seems to me that the subsequent bankruptcy proceeding was without probative value even under the rule of Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554. How can such an extraneous matter have any "bearing" on the motives or actions of parties who are ignorant of it?

If the evidence was improperly admitted, the resulting prejudice seems plain to me.

*LORING* and *JULIUS J. OLSON, Justices* (dissenting).
We concur in the dissent of Mr. Justice Stone.