# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

---

MARY E. BAXTER v. COVENANT MUTUAL LIFE ASSOCIATION.[1]

July 24, 1900.

Nos. 12,126—(217).[2]

| 81 | 1 |
| 86 | 269 |
| e86 | 270 |

**Life Insurance—Verdict—Evidence.**

In an action by the beneficiary to recover upon a life insurance policy, evidence as to the death of the insured examined, and *held*, that the trial court was justified in granting defendant's motion for judgment notwithstanding the verdict.

Action in the district court for Hennepin county to recover $2,500 on a life insurance policy. The case was tried before Pond, J., and a jury, which rendered a verdict in favor of plaintiff. From an order granting a motion for judgment in favor of defendant notwithstanding the verdict, plaintiff appealed. Affirmed.

*F. D. Larrabee*, for appellant.

*L. W. Gammons*, for respondent.

LEWIS, J.

On the former appeal of this case (77 Minn. 80, 79 N. W. 596) a new trial was ordered upon the ground that the evidence was manifestly and palpably against the verdict of $2,500 returned in favor of plaintiff. Thereupon a new trial was had, and at the close of the evidence defendant moved that the court instruct the jury to

---

[1] Reported in 83 N. W. 459.   [2] See note on page iv, supra.

81 M.—1

return a verdict for the defendant. This was denied, and plaintiff again secured a verdict for $2,500. Thereupon defendant moved for judgment notwithstanding the verdict, which motion the court granted, and plaintiff appeals.

The evidence upon the former trial was fully analyzed in the opinion on the former appeal, and we will not review it at this time. The court unquestionably was correct in granting a new trial on the evidence at that time, and the plaintiff's evidence on the second trial was substantially the same. In addition to that, there was strong evidence on the second trial, which was lacking on the first, to the effect that John A. Baxter was alive and well. The substance of the cause of action was that the plaintiff's husband was dead. The only proof she offered on both trials to sustain this issue was that her husband had left home, and she had not heard from him, and that the body found at Breckenridge was his. At the first trial everything found upon the body was scrutinized, and the body itself subjected to the most rigid examination. The clothing, shoes, hair, teeth, pipe, and comb, blank book, the height, weight, age, size, were weighed in the balance and found wanting. And now we have the same articles, the same testimony, and no new light whatever as to the body itself, or the clothing and articles taken therefrom; and it is upon these things alone plaintiff relies as to identity. But, after a second attempt with the same result, how can it be said that there is any probability of another trial producing any more complete proof of the identification of that body? The very substance of the proof presented by plaintiff has failed. Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W. 958.

Order affirmed.

BROWN, J. (dissenting).

I have no doubt as to the insufficiency of the evidence to sustain the verdict, and think a new trial should be granted. But I adhere to the dissenting views expressed in the case of Brennan Lumber Co. v. Great Northern Ry. Co., 80 Minn. 214, 83 N. W. 140. I may be wrong in my interpretation of the Cruikshank case and of the statute, but I am unable to reconcile myself to that view. It seems perfectly clear to me that the interpretation given in the Cruikshank case is the only one the statute will bear, consistent with the recog-

nition of the constitutional right to trial by jury. It is there said that the purpose of the statute was to extend the common-law practice of granting judgment notwithstanding a verdict of a jury from the pleadings to the evidence in the case. To warrant a judgment notwithstanding the verdict, therefore, the evidence should be as defective as the pleadings are required to be under the old practice. Formal and technical defects in the pleadings are insufficient to warrant such a judgment, and so, under the new practice, technical and formal defects in the evidence should also be held insufficient. Prior to this statute the remedy, when a jury returned a verdict in favor of a party upon insufficient evidence, was a new trial. Such should be the remedy still, except in cases where it is clearly apparent that all the evidence attainable by either party has been produced, in which case final judgment may be ordered if such evidence be conclusive one way or the other. The suggestion that parties should not be annoyed and put to the expense of repeated trials is without weight. No serious consequences resulted under the former practice, and no reasons are apparent why any should be apprehended under the new. Judgment notwithstanding the verdict should never be granted on the weight of evidence, but only when all the evidence attainable by either party has been produced, and is conclusive, as a matter of law, on the merits of the controversy, in favor of the party against whom the verdict is returned. In the case at hand I think, as was said in Kreatz v. St. Cloud School Dist., 79 Minn. 14, 81 N. W. 533, that the evidence lacking to make out plaintiff's cause of action may be supplied on another trial, and that the court below should have granted a new trial only.