## BELLE McKENZIE v. SARAH H. BANKS.[1]

### May 12, 1905.

### Nos. 14,274—(42).

**Assault and Battery.**

Action for assault and battery, in which the first trial resulted in a verdict for the plaintiff and a new trial granted for the reason that evidence was not sufficient to support the verdict. On the second trial the plaintiff had a verdict, and the court denied defendant's motion for judgment or for a new trial. *Held*:

1. The mere fact that the evidence was substantially the same on both trials did not entitle the defendant to a directed verdict on the second trial. The evidence justifies the order of the court denying conditionally the motion for a new trial.

2. Professional communications are not privileged if made in furtherance of a criminal purpose; but the court did not abuse its discretion in refusing to receive such communications in evidence, for the fact sought to be proven by them was only remotely relevant to the issue.

3. The court did not err in refusing to grant a new trial for misconduct of counsel.

Action in the district court for St. Louis county to recover $5,050 for assault. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiff for $1,450. From an order denying a motion for judgment notwithstanding the verdict, and denying a motion for a new trial on condition that plaintiff consent to a reduction of the verdict to $650, defendant appealed. Affirmed.

*Roger S. Powell* and *Washburn, Bailey & Mitchell,* for appellant.
*Alexander Marshall* and *Warner E. Whipple,* for respondent.

START, C. J.

This is an action for the recovery of damages which the plaintiff claims to have sustained as the result of an assault and battery committed upon her by the defendant at Duluth on May 12, 1903. The complaint alleged that the plaintiff was a married woman and pregnant at the time stated, and that the defendant wrongfully assaulted and pushed her upon a large wooden box, whereby she sustained serious in-

[1] Reported in 103 N. W. 497.

juries, which resulted in miscarriage. The answer admitted that the plaintiff was a married woman, but put in issue every other allegation in the complaint. The first trial of the cause resulted in a verdict for the plaintiff for $2,050. The defendant then made a motion for judgment in her favor notwithstanding the verdict, or for a new trial. The court denied the motion for judgment, but granted the motion for a new trial upon the ground, among others, that the verdict was not justified by the evidence. The second and last trial resulted in a verdict for the plaintiff for $1,450, and the defendant made a motion for judgment notwithstanding the verdict, or for a new trial. The court made its order denying the motion for judgment and granting a new trial unless the plaintiff consented to a reduction of the verdict to $650 within ten days, but, if she so consented, the motion for a new trial should stand denied. She filed her written consent to such reduction within the time limited, and the defendant appealed from the whole order.

1. The first contention of the defendant is that the denial of the motion for judgment was error, because the evidence was substantially the same on the last trial as it was on the first one; hence at the close of the evidence on the second trial she was entitled, as a matter of law, to have a verdict directed in her favor; and, further, if this be not so, then it was error for the court to refuse a new trial. The controlling question is not whether the evidence was substantially the same on the second trial as it was on the first, but it is whether the evidence on the last trial made a case for the jury. An order granting a new trial because the evidence is not sufficient to sustain the verdict is one resting largely in the discretion of the trial court, and its effect is to set aside entirely the trial, with all of its evidence and proceedings, and the case then stands precisely as if no trial had ever been had. It follows, then, that the mere fact that a new trial is ordered on the ground that the evidence is not sufficient to sustain the verdict does not entitle the party in whose favor the order was made to a directed verdict on the second trial if the evidence is substantially the same as it was on the first trial. This brings us to the question whether the evidence on the trial now under review made a case for the jury.

The primary issue on the trial was whether the defendant pushed the plaintiff upon a box, as alleged in the complaint. The plaintiff and her

husband testified directly and positively that the defendant did push her as alleged. It is undisputed that she had a miscarriage some three days after the alleged assault. On the other hand, the defendant and her husband testified that she did not push or touch the plaintiff, and in this they were corroborated by some six or eight witnesses, who were in a position to see what took place, each of whom testified that defendant did not strike or push the plaintiff. This does not present a case which rests upon mere conjecture, as did the cases of Brennan Lumber Co. v. Great Northern Ry. Co., 80 Minn. 205, 83 N. W. 137, and Baxter v. Covenant Mut. Life Assn., 81 Minn. 1, 83 N. W. 459, and other similar cases, but it is one where the plaintiff's cause of action is clearly and positively proven by direct testimony, which is not intrinsically improbable. True, the testimony is contradicted by a cloud of witnesses, but the credibility of the witnesses was a question of fact for the jury. Two juries have found by their respective verdicts that the plaintiff and her witness told the truth, and in so doing they determined simply a question of fact. The defendant was not entitled to a directed verdict, for the trial court could not, as a matter of law, rule that the plaintiff and her witness were not entitled to credence. It must, however, be conceded that the record shows that the verdict is against the weight of the evidence, but is not so palpably so as to suggest that the trial court abused its discretion in denying the second motion for a new trial of the action. We accordingly hold that it was not error for the trial court to deny a new trial on the ground that the verdict was not sustained by the evidence.

2. Defendant called as a witness a physician, who testified that the plaintiff called upon him in March before the alleged assault; that he did not prescribe for her, or treat her, and that he received no information from her which was necessary to enable him to prescribe or act for her. The defendant then offered to prove by the witness that the plaintiff told him that she was with child, and asked him to produce a miscarriage upon her, not, however, on account of her health, but because she had too many children, and did not want any more; and, further, that the request was refused by the witness. The evidence was objected to by the plaintiff as incompetent and immaterial, and for the further reason that it was an attempt to prove a privileged communication. The objections were sustained, and the ruling is here assigned as error.

The evidence was not privileged. The statute (G. S. 1894, § 5662, subd. 4) provides that:

> A regular physician or surgeon cannot without the consent of his patient be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient.

It is clear that the communication to the physician sought to be proved by him was not acquired by him in attending the plaintiff, nor was it necessary to enable him to prescribe or act for her within the meaning of this statute. If the plaintiff made the statement assumed in the offer, it was nothing more than an open request to the physician to join in a conspiracy to commit a vile crime, and it falls within the rule that professional communications are not privileged if made in furtherance of a criminal purpose. 23 Am. & Eng. Enc. (2d Ed.) 88; People v. Van Alstine, 57 Mich. 69, 23 N. W. 594. The offered evidence, however, related to a collateral matter, and it was only admissible in case it was within the rule that, where there is a conflict in the testimony of witnesses upon matters relevant to the issue, any evidence is admissible which tends to show that the testimony of the witnesses on one side of the issue is more reasonable than that of the other side. But in the application of this rule a fair discretion must be allowed to the trial court, and evidence of such collateral facts received with caution. Glassberg v. Olson, 89 Minn. 195, 94 N. W. 554; Philips v. Mo, 91 Minn. 311, 97 N. W. 969. Now, the proposed evidence had only a slight tendency, if any, to show that the testimony of the defendant and her witness as to the issue whether she pushed the plaintiff was more reasonable than that on behalf of the plaintiff, for the fact sought to be proven was only remotely connected with the issue. Whether it would have been error for the court to have admitted the evidence we are not called upon to determine, but we are clearly of the opinion that the court did not abuse its discretion in rejecting the evidence.

3. The defendant's counsel asked a witness this question:

> Were you or were you not in such a position that you would have seen Mrs. Banks touch Mrs. McKenzie if she had done so?

This was objected to on the ground that it called for the conclusion of the witness. The objection was sustained, and the ruling is assigned as error, for the reason that the question called for a fact, not a conclusion. It called for a conclusion, and the ruling was technically correct. Hathaway v. Brown, 22 Minn. 214. Several other alleged errors in the rulings of the court as to the admission of evidence are urged. We do not find prejudicial error in any of the rulings.

4. The plaintiff's counsel, in his argument to the jury, made some reference to the result of the first trial. The conduct of counsel was censurable, but in view of the action and instructions of the court there is no reason to believe that the conduct of counsel was prejudicial.

Order affirmed.