# H. W. JOHNS-MANVILLE COMPANY v. GREAT NORTHERN HOTEL. COMPANY.[1]

### January 29, 1915.

### Nos. 19,001—(222).

**Relief from default — discretion of court.**
1. An order of the trial court refusing to relieve defendant from its failure to appear at the time set for the trial of the action, *held* not an abuse of discretion.

**Verdict sustained by evidence.**
2. No errors, were committed on the trial, had in the absence of defendant, and the evidence supports the verdict.

Action in the district court for Hennepin county to recover $379.80 for labor and material. The case was tried before Leary, J., who directed a verdict in favor of plaintiff for $395.27. From an order denying defendant's motion to vacate the verdict and to grant a new trial, it appealed. Affirmed.

*Jay W. Crane,* for appellant.
*L. L. Schwartz,* for respondent.

1·Reported in 150 N. W. 907.

BROWN, C. J.

This action was brought to recover the agreed value of certain work and material performed and furnished defendant in the construction of a roof to its hotel building, located at Breckenridge. The agreed value of the work and material was the sum of $379.80. The complaint set out these facts. In addition to a general denial defendant pleaded a counterclaim for damages for a breach of the contract, setting up that the work was not performed within the time prescribed, and was defective in the respects set forth in the answer. Defendant alleged in connection with this counterclaim that the agreed price of the work was $379.80, the amount stated in this complaint, but claimed the sum of $500 damages for the alleged breach of the contract. The reply put in issue the allegations of the answer by a general denial. The cause was set for trial on May 11, 1914. Defendant failed to appear, plaintiff offered in evidence the contract between the parties, called a witness who testified to the performance of the same, whereupon the court directed a verdict in plaintiff's favor for the amount claimed, with interest. Defendant thereafter moved upon the record and certain affidavits for a new trial on the grounds, among others, of surprise and excusable neglect on defendant's part in failing to appear at the trial, and that the verdict was not sustained by the evidence. The motion was denied and defendant appealed.

The questions presented do not require extended mention. We find evidence in the record, considered in the light of the issues made by the pleadings, amply sufficient to support plaintiff's right to recover, and there was no error in directing the jury to find accordingly. The fact that no order was made by the court in reference to defendant's counterclaim is not important. Defendant was not present at the trial and must be deemed to have abandoned the same. The only question requiring mention is whether the trial court abused its discretion in refusing to relieve defendant of its default and failure to appear at the trial. We discover no reason for so characterizing the action of the court. It appears that the cause was reached for trial early in May, but defendant was not ready to proceed. It was then set down for trial, at the

instance of the parties, on May 11, with the understanding that the cause would be disposed of on that day, unless previously settled. The court had experienced some difficulty in proceeding with its work by the fact that counsel were not prepared, and when this cause was reached on the eleventh, the court, though informed that defendant's counsel could not be present, ordered the trial to proceed, with the result already stated. The affidavit of counsel for defendant presented in support of the motion for relief stated that he informed the attorney for plaintiff on the evening of the tenth of May, the day preceding the date set for the trial, that he had been called out of town on important matters and could not be present at the trial, and that the attorney for plaintiff agreed to a postponement of the trial until the following day, or May 12. The attorney for plaintiff made affidavit admitting that defendant's attorney informed him on the tenth, that he could not appear for the trial on the eleventh, but denied that he agreed to postpone the trial until the twelfth. The court necessarily, by the denial of the motion, found that there was no agreement to further postpone the trial, and there was therefore no bad faith on the part of plaintiff's attorney in proceeding with the trial as directed by the court on the eleventh. Nor can it be said that the court abused its discretion in not granting relief from the default. The whole matter is tersely summed up by the trial judge as follows:

"As the court remembers this case, it had been with some difficulty that the court had been successful in securing cases to be tried, although the calendar was some six or eight months behind. On the day prior to the day upon which this case was tried the court was without anything to do and called upon counsel in this matter to try their case and, as I remember the circumstances, the court was then told by counsel on both sides that if the case were permitted to go over, that it would be either tried or settled on the next trial morning. The next trial morning the defendant's attorney did not appear, but counsel for plaintiff did, together with his witnesses, and the court ordered the trial to proceed."

If counsel for defendant had a previous engagement in some other court, which prevented him from appearing at the time set

for this trial, the fact should have been communicated to the court by proper affidavit. This was not done and the court properly treated defendant's absence as wholly voluntary.

Order affirmed.