# FRANK A. MULLEN v. OTTER TAIL POWER COMPANY,[1]

### July 14, 1916.

### Nos. 19,827—(210).

**Negligence — cutting wires — proximate cause of loss.**

1. Evidence *held* sufficient to sustain the finding of the jury that the defendant was negligent in cutting its electric wires, during a fire, and depriving the plaintiff of light in his store, and that such negligence was the proximate cause of the loss of his merchandise by fire.

**Due care by plaintiff — finding sustained by evidence.**

2. The evidence justified the finding of the jury that the plaintiff exercised due diligence in an effort to remove and save his goods.

**Second appeal — law of the case — exception when evidence is insufficient.**

3. When a case is reversed on appeal, not upon the ground that there can be no recovery upon the evidence produced, but upon the ground that the evidence upon a specific issue is so unsatisfactory that a new trial should be had, the determination on the first appeal that the evidence is insufficient to sustain the verdict is not the law of the case upon the second trial.

After the decison upon the former appeal reported in 130 Minn. 386, 153 N. W. 746, the action was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiff and against defendant for $4,047.84 and five separate verdicts for specified amounts in favor of five fire insurance companies which intervened in the action. From an order denying its motion for judgment notwithstanding the verdicts or for a new trial, defendant appealed. Affirmed.

1 Reported in 158 N. W. 732.
134 M.—5.

*N. F. Field* and *Spooner & Spooner*, for appellant.
*James B. Ormond* and *Murphy & Anderson*, for respondents.

DIBELL, C.

Action to recover damages for the negligence of the defendant in cutting its electric light wires, during the progress of a fire, thereby depriving the plaintiff of light in his store and preventing him from removing his goods and causing their loss. There was a verdict for the plaintiff. The defendant appeals from the order denying its blended motion for judgment or for a new trial.

1. The case was tried first by the court and findings made for the plaintiff. Upon appeal there was a reversal and new trial ordered. 130 Minn. 386, 153 N. W. 746. The new trial resulted as stated.

Upon the first appeal we held that the evidence was sufficient to sustain a finding that the defendant was negligent in cutting the wires when it did and depriving the plaintiff of light. The evidence on the second trial is not more favorable to the defendant. It sustains the verdict. What is said as to proof of negligence on the former trial and this, applies to the question of proximate cause. Unless negligence of the plaintiff, interrupting the cause for which the defendant was found responsible, is found, the verdict finding the defendant's negligence to be the proximate cause of the plaintiff's loss is sustained.

2. In the former opinion we referred to certain respects in which the evidence, in support of the finding that the plaintiff exercised proper diligence in an effort to remove and save his merchandise when loss was imminent, was unsatisfactory. Upon the second trial the evidence is much the same, though the situation has been made clearer, and some of the uncertainties have been removed or minimized. A careful consideration leads to the conclusion that the finding of diligence on the part of the plaintiff is sustained.

3. A new trial was not granted upon the former appeal, upon the ground that with the evidence the same on a new trial there could be no recovery, but upon the ground that the evidence was so unsatisfactory that there should be a reconsideration of the facts upon another trial. This is clear from the concluding sentence of the portion of the opinion which discussed the question whether the plaintiff was duly diligent in

his efforts to save his stock. "Our conclusion is that the evidence on this branch of the case is so unsatisfactory that a new trial is demanded." This being the ground of reversal the decision did not make the law of the case for the second trial. See McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497. If the rule were otherwise this court would be deprived of the power which it exercises in very exceptional cases of directing a new trial for a re-examination of questions of fact though there is evidence supporting the finding made.

Order affirmed.