ELIZABETH AMY, AN INSANE PERSON, BY W. B. COAKLEY,
GUARDIAN v. WALLACE-ROBINSON LUMBER
COMPANY AND ANOTHER.[1]

October 10, 1919.

No. 21,379.

**Judgment notwithstanding verdict — when not warranted.**

Where the prevailing party has adduced direct and positive testimony
of the existence of facts, which, if found true by the jury, clearly call
for the verdict rendered, the opposing litigant is not entitled to judg-
ment notwithstanding, unless such testimony is demonstrably false and
it is made to appear that the defect in the proof could not be remedied
on another trial.

Action in the district court for St. Louis county to recover $7,600
for timber cut and removed from plaintiff's land. The case was tried
before Fesler, J., who at the close of the testimony denied defendants'
motions for directed verdicts in their favor, and a jury which returned
a verdict for $1,020.64. Defendants' motion for judgment notwith-
standing the verdict was denied. From the judgment entered pursuant
to the verdict, defendants appealed. Affirmed.

*John H. Norton,* for appellants.

*Washburn, Bailey & Mitchell,* for respondent.

HOLT, J.

Defendants appeal from a judgment awarding plaintiff damages for
timber trespass. The only ground assigned for reversal of judgment
is that the court erred in denying defendants' motion for judgment
notwithstanding the verdict, and that depends upon whether the evi-
dence reasonably justifies a verdict for plaintiff or requires one in de-
fendants' favor.

Plaintiff owned two forties of land a few miles south of Buhl upon
which, it is claimed, the defendants, in the winter of 1914 and 1915,

[1]Reported in 174 N. W. 433.

entered, cut and removed the merchantable timber.  She had been such owner since previous to 1910, subject to an outstanding permit to take off the timber, which expired in 1912.  There is ample and direct evidence to the effect that defendants during the winter of 1914 and 1915 logged this land in connection with 18 other forties, then admittedly logged by them in the vicinity, some of which adjoined plaintiff's.  A section line road, running north and south, separated her two forties. In the fall of 1914 one of the two men who had bought the forty immediately south of plaintiff's east forty built and took possession of a house thereon.  He, his wife, young sons and their companions testified positively to the logging operations of defendants upon plaintiff's land.  So did parties who lived on the forty directly north of plaintiff's west forty, and others who then had occasion to travel over the road mentioned and pass over the land involved.  There is nothing in the testimony thus given for plaintiff which warrants an appellate court in holding that the jury should not have accepted the same as true.  The defendants directed their most persuasive evidence to proving that in the winter of 1910 and 1911 all merchantable timber on plaintiff's two forties was cut and removed by loggers working for the owner of the timber permit mentioned, and hence there could have been no timber to remove in 1914 and 1915.  This evidence was given by persons who also had had such opportunities of knowing whereof they testified that the divergence from that of plaintiff's, above alluded to, cannot well be explained upon the theory of innocent mistake.

The testimony produced by plaintiff in effect flatly contradicts that of defendant on the very subject matter of the cause of action.  There was irreconcilable conflict also between the expert witnesses of the parties as to what the stumps disclosed as to the time of the cutting.  For each side the trend of the testimony was that the cutting which each undertook to prove was of the virgin timber, that is, there had been no previous logging of any consequence on the land.  It perhaps was significant to the jury that the defendant who had actual charge of the logging on the ground in 1914 and 1915 absented himself from the trial and that the men who worked in the timber that season were not produced as witnesses, with the exception of a foreman whose testimony

in the former trial was read to the jury. Under this condition of the evidence, we think the trial court was clearly right when stating that under the pertinent rules of law the verdict had ample support. It is a case peculiarly within the province of the jury to determine which of two contradictory versions of what has occurred is the true one, especially where, as here, the number of disinterested witnesses is about equal on each side.

The rule is that judgment notwithstanding the verdict should not be ordered, where there is a clear conflict in the evidence upon a material issue. Hess v. Great Northern Ry. Co. 98 Minn. 198, 108 N. W. 7, 803; Berghuis v. Schultz, 119 Minn. 87, 137 N. W. 201. It should not be ordered unless the evidence is practically conclusive against the verdict. 2 Dunnell, Minn. Dig. § 5082. The verdict here is not based on attenuated inferences from facts testified to, but must be regarded as resting upon the veracity of witnesses who related what they actually saw defendants' logging crew do upon plaintiff's land in the winter of 1914 and 1915. There was no suggestion that any other parties cut any timber in that vicinity during that season. The case does not come within the decisions of Baxter v. Covenant Mut. Life Assn. 81 Minn. 1, 2, 83 N. W. 459, or Gorgenson v. Great Northern Ry. Co. 138 Minn. 267, 164 N. W. 904, cited by defendants. Where the prevailing party has adduced direct and positive testimony of the existence of facts which, if found true by the jury, clearly call for the verdict rendered, the opposing litigant is not entitled to judgment notwithstanding, unless such testimony is demonstrably false and it is made to appear that the defect in the proof could not be remedied on another trial.

The action has been tried twice, resulting each time in a verdict for plaintiff. The trial court, in the memorandum appended to the order denying the motion for judgment, stated that had either party asked for a new trial he would gladly have granted it. Neither party saw fit to so do. It may well be that the verdict is so small when compared with what the evidence would justify that it either indicates such an injustice to plaintiff or such a compromise of the rights of defendants

that a new trial should have been had. But that does not justify this court to give judgment for defendants, nor does it authorize a retrial not asked for.

The judgment is affirmed.