## J. C. MARLOW v. ARIE STREEFLAND.[1]

October 12, 1923.

No. 23,529.

**Record of first trial not reviewable upon appeal from order denying third trial.**

1. An order of the court granting a new trial leaves the case as if no trial had ever been had, and, upon an appeal from an order denying a new trial after a second trial, none of the proceedings at the first trial are before the court for review.

**No abuse of discretion in denying new trial.**

2. An order of the trial court denying a motion for new trial on the ground of irregularity in the proceedings of the court and accident and surprise, *held* not an abuse of discretion.

[1]Reported in 195 N. W. 488.

Action in the district court for Blue Earth county to recover $379.95 for goods sold and delivered. The case was tried twice before Comstock, J., who, at the second trial, when plaintiff rested, directed a verdict in his favor for $437.85. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Erland Lind*, for appellant.

*F. E. Morse, Ivan Bowen* and *Le Roy Bowen*, for respondent.

WILSON, C. J.

Appellant seeks on this appeal to review the order of the trial court in granting the plaintiff a new trial; and he also claims, in reference to the second trial, this: (1) Irregularity in the proceedings of the court and the plaintiff and abuse of discretion whereby defendant was deprived of a fair trial; (2) accident and surprise which could not have been prevented by ordinary prudence on the part of the defendant; (3) error on the part of the court in directing a verdict; (4) the verdict is not justified by the evidence and is contrary to law.

The order of the court granting the new trial was in the discretion of the trial court, and when the new trial was granted it left the case as if no trial had ever been had, and, upon an appeal from the judgment after the order denying a new trial after the second trial, none of the proceedings at the first trial are before this court for review. Holm v. Great Northern Ry. Co. 139 Minn. 258, 166 N. W. 224; McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497.

The contentions of the defendant in reference to the second trial are based upon circumstances substantially these: This case was on the calendar for trial at Mankato, and soon after the opening of court respondent's counsel wrote to appellant's counsel, who lived in Minneapolis, advising him this action was number 6 on the jury calendar and that the trial of jury cases would begin on the following Monday, and a second letter was written by respondent's counsel to appellant's counsel suggesting that this case might be reached on Thursday of that week, and this was answered by letter suggesting that counsel did not wish to come to Mankato and start the trial of the case on Friday, unless court would be held on Satur-

day. Thereupon respondent's counsel consulted the trial court and then 'phoned appellant's counsel that the court had said that he could not give any assurance that the case might not be reached on Friday and that the attorneys would have to be ready when the case was reached. Then appellant's counsel 'phoned the trial court and asked if there was any chance of the action being reached for trial before Monday, to which he says he "understood him to reply over the telephone that it seemed not." On Friday the case was reached and called for trial and was tried in the absence of defendant and his counsel.

The trial court in a memorandum to his order denying the motion for a new trial says that the proceedings of the trial were regular in every respect and in due course of the business of the court and that, if any accident or surprise occurred to the defendant, it was because of his own laches, inadvertence or misunderstanding or of that of his counsel in the case.

Under these circumstances appellant's counsel was not justified in concluding that the case would not be called for trial when reached. The duties of the trial court are many and he cannot be expected to know any better than counsel, when cases on the trial calendar will be settled, continued, or the trial thereof terminated. The future in such matters is always a matter of conjecture. Upon the record we cannot doubt the sincerity of appellant's counsel, but, since he does not disclose the language of the trial court from which he concluded an "understanding" and because of the warning that he had, we must find that the proceedings were regular, and that there was no accident or surprise within the spirit of the statute that would constitute an abuse of discretion on the part of the trial court in denying the motion for a new trial. H. W. Johns-Manville Co. v. Great Northern Hotel Co. 128 Minn. 311, 150 N. W. 907.

The other assignments of error are without merit.

The order appealed from is affirmed.