POLLIE MAE DRAKE v. IDA A. CONNOLLY.[1]

March 13, 1931.

No. 28,318.

[1]Reported in 235 N. W. 614.

*Fraser & Fraser,* for appellant.

*Richard Manahan,* for respondent.

HILTON, J.

Defendant appeals from a judgment. At the close of the evidence defendant's motion for a directed verdict was denied. The jury returned a verdict against her for $256; a motion for judgment notwithstanding the verdict was denied, and the judgment appealed from was entered. There had been no motion for a new trial. No complaint is made as to the rulings on the admission or rejection of evidence or to the court's charge.

Defendant was the owner and operator of a beauty shop at Rochester, Minnesota. On March 29, 1928, plaintiff employed defendant to furnish a permanent wave for her hair. Standard implements, equipment, and solutions were used; the claim was that they were improperly used. During the operation plaintiff complained of heat from the machine used and that her head was becoming hot.

In about two weeks plaintiff's head and face began to peel, and they felt as if they had been burned. Plaintiff theretofore had a thick and glossy growth of hair. Less than two months thereafter her hair became noticeably sparse, and she became bald in spots. She continued to lose her hair until she was totally bald, which condition existed from October, 1928, until August, 1929, when her hair commenced to grow in again. The evidence disclosed that the condition of plaintiff's hair was caused by alopecia areata, a disease of the hair leading to the production of circumscribed patches of baldness.

Defendant's assignments of error are in effect that there was no negligence shown, and, if there was, no causal connection appeared

between it and plaintiff's injuries. The court in its memorandum stated:

"There is ample evidence to sustain a finding of negligence on the part of defendant but not to show a causal connection between. it and the falling of plaintiff's hair. It seems quite probable, however, that this deficiency could be supplied upon another trial. Defendant's own medical witnesses conceded the possibility of alopecia areata, the immediate cause of plaintiff's loss of hair, being brought on by nervous shock, worry or mental disturbance. A severe burning or scalding, such as that described by plaintiff, which resulted in her scalp and face peeling, could easily produce a very serious nervous shock and cause considerable worry. A doctor's opinion that such a shock or worry did in fact cause plaintiff's alopecia areata would supply the missing element in plaintiff's proof. It seems quite possible that plaintiff could procure such an opinion; at least the court cannot say as a matter of law that plaintiff probably could [not] supply it. This being the case, judgment notwithstanding cannot be granted."

In Amy v. Wallace-Robinson Lbr. Co. 143 Minn. 427, 429, 174 N. W. 433, it was held:

"Where the prevailing party has adduced direct and positive testimony of the existence of facts which, if found true by the jury, clearly call for the verdict rendered, the opposing litigant is not entitled to judgment notwithstanding, unless such testimony is demonstrably false and it is made to appear that the defect in the proof could not be remedied on another trial." 3 Dunnell, Minn. Dig. (2 ed. & Supp.) § 5082, and cases cited (8).

We have carefully read the record and considered the briefs of counsel, the case not being for oral argument, and hold that the conclusion reached by the trial court was correct.

Judgment affirmed.