## EDWARD J. PATTON v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

September 9, 1955.

No. 36,728.

*Ray G. Moonan, Frank X. Cronan,* and *John E. Castor,* for appellant.

*Joseph P. Johnson* and *William W. Essling,* for respondent.

DELL, CHIEF JUSTICE.

This is a personal injury action in which there were three trials. As originally instituted the action was between Edward J. Patton, as plaintiff, and Minneapolis Street Railway Company, a corporation, and the City of Minneapolis, a municipal corporation, as defendants. The first trial was before Judge D. E. LaBelle. When the evidence was closed a verdict was directed in favor of the defendant City of Minneapolis and the action as between the plain-

---

[1]Reported in 71 N. W. (2d) 861.

tiff and the defendant Minneapolis Street Railway Company was submitted to a jury by a special verdict containing eight interrogatories, no general verdict being submitted. Upon the special interrogatories as answered by the jury the defendant Street Railway Company moved for a verdict in its favor and against the plaintiff, which motion was denied. The court, upon its own initiative, however, pursuant to Rule 59.05 of the Rules of Civil Procedure, set aside the proceedings and granted a new trial between the parties *on all issues* raised by the pleadings and amendments thereto.

Prior to the second trial plaintiff dismissed its action against the defendant City of Minneapolis. The second trial, which was between the plaintiff and the defendant, Street Railway Company, as the sole parties, came on before Judge George D. Erickson, sitting temporarily as a judge of the fourth judicial district, and was tried on all issues. There was a mistrial, the jury having failed to reach a verdict. A motion by the defendant, Street Railway Company, for judgment in its favor, notwithstanding that the jury had disagreed and had been discharged, having been denied, Judge Erickson directed that the action be set down for trial again on a day certain.

The third trial, likewise between the plaintiff and the defendant, Street Railway Company, as the sole parties and also on all issues, came on before Judge Rolf Fosseen and resulted in a verdict in favor of the plaintiff. Defendant Minneapolis Street Railway Company's alternative motion for judgment notwithstanding the verdict or a new trial having been denied, an appeal was taken to this court from that order of denial. By the notice of appeal the defendant also seeks to review the various proceedings and orders made and entered in the first and second trials.

The matter now before us for consideration is a motion by the plaintiff for an order limiting defendant's appeal to the issues litigated in the third trial, it being plaintiff's position that we are not at liberty to review the proceedings, issues, and orders entered in the two former trials. Plaintiff argues that to compel him to prepare a brief in answer to defendant's attack on proceedings and orders in the first two trials will put him to the unnecessary burden, effort, and expense of defending moot questions and that only questions of

law and fact arising on the third trial and contained in the case settled by Judge Fosseen, which consists of the transcript and proceedings of the third trial, are subject to review here.

Ordinarily an appeal will not be considered piecemeal since to permit that practice would place a heavy and unnecessary burden upon this court. It is clear, however, from the proceedings now before us that to bring up for review the proceedings and orders of the first and second trials which the defendant seeks to review would require a settled case in each of said trials and extensive briefs, all costly and unnecessary if the proceedings and orders of the first and second trial are not subject to review. If not subject to review, there is no point in adding to the already heavy burdens of this court. In view of this unusual situation we have concluded to decide the question raised by plaintiff's motion now.

It is the well-settled law of this state that where a new trial *of all issues* is granted the former trial is completely set aside or "wiped out" with all its evidence and proceedings and the case stands and the parties are in exactly the same position as if there had been no trial at all. And upon an appeal from an order or judgment as a result of the last trial there can be no review of the evidence or proceedings at the former trial or of the order granting the new trial.[2]

Since the last trial, which is now before this court on appeal, was upon all issues, it is clear that none of the evidence, proceedings, or orders of the former two trials are before us for review. It, therefore, follows that the motion of the plaintiff should be granted and that defendant's appeal should be limited to a review of the issues litigated at the last trial and the proceedings and orders relating to that trial.

So ordered.

[2]McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497; Holm v. G. N. Ry. Co. 139 Minn. 258, 166 N. W. 224; Marlow v. Streefland, 156 Minn. 450, 195 N. W. 488; Lundblad v. Erickson, 180 Minn. 185, 230 N. W. 473; Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912; Zywiec v. City of South St. Paul, 234 Minn. 18, 47 N. W. (2d) 465; Crawford v. Woodrich Const. Co. Inc. 239 Minn. 12, 57 N. W. (2d) 648.