Oscar R. QUAST, Appellant,

v.

PRUDENTIAL PROPERTY AND CASU-
ALTY COMPANY, Respondent.

No. 47238.

Supreme Court of Minnesota.

June 2, 1978.

Irving Shaw, St. Paul, for appellant.

Robins, Davis & Lyons and Lawrence Zelle and Robert M. Wattson, Minneapolis, for respondent.

Heard before ROGOSHESKE, KELLY, and WAHL, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This is an appeal from a judgment for respondent, Prudential Property and Casualty Company, entered in a civil action brought by appellant, Oscar R. Quast, to recover upon a property insurance contract for damages caused by a fire in his home. The judgment is based on a special jury verdict that the fire was of an incendiary nature and that appellant participated in, arranged for, or had direct knowledge of its setting. We affirm.

In November 1972, appellant bought a home for $18,000 in which he planned to reside until he could remodel it for sale at a profit. On December 11, 1973, he purchased a homeowners insurance policy from respondent that provided coverage of $45,000. Although he initially sought a policy limit of $55,000, respondent's agent believed the house was only worth $45,000, and appellant acquiesced.

During 1974 appellant appeared to be suffering financial difficulties. He was in arrears in his child support payments, he had monthly payments on outstanding loans in excess of his estimated monthly income, and he had a number of delinquent trade accounts which he paid only after they were turned over to a collection agency. In March or April 1974, appellant unsuccessfully tried to sell the house for $57,000 and in June or July he listed it for $50,000. It was still on the market at that price on September 23, 1974, the date of the fire.

On September 23, 1974, at approximately 10 p.m., an explosion occurred in appellant's house which was immediately engulfed in flames. When the fire fighters arrived, in response to a call by a neighbor, the fire was raging in the locked residence. At the time the fire broke out, appellant was at a bar where he claimed to have been since approximately 7 p.m., when he left his home after locking all the doors.

Appellant submitted a claim to respondent insurance company for $58,973.91, which represented the alleged structural damage to his residence ($45,000), personal property losses ($9,574.84), and living expense losses ($4,399.07). Respondent denied payment of the claim, and appellant brought suit.

At the first jury trial respondent argued that the fire was of an incendiary nature and was either set or caused to be set by appellant. Respondent introduced testimony that an accelerant had been used to start the fire, and no explanation of its origin other than an incendiary one was offered by any witness called by either party. The jury, in a special verdict, found that the fire was not incendiary in origin, that it was not intentionally set with the participation, arrangement, or direct knowledge of appellant, and that the damages totaled $58,-973.91. After judgment was ordered in this amount, respondent moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court ordered a new trial on the ground that the verdict was not justified by the evidence.

In the second jury trial essentially the same evidence was introduced, and an additional defense witness, William Rohan, a retired fire investigator who had worked for the Wisconsin state fire marshal's office for 28 years, gave testimony which corroborated that of the other witnesses regarding the incendiary nature of the fire. The jury found that the fire was incendiary in origin and that appellant had participated in its arrangement. Judgment was ordered in favor of respondent and appellant's alternative motion for judgment notwithstanding the verdict or for a new trial was denied.[1] Appellant seeks review of the judgment entered in the second trial, of the order denying his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, and of the order granting a second trial.

1. The initial issue that we must decide is the extent of our appellate review. Rule 103.03, Rules of Civil Appellate Procedure, governs appeals as of right. It reads in pertinent part as follows:

"An appeal may be taken to the Supreme Court:

"(a) From a judgment entered in the trial court;

\*     \*     \*     \*     \*     \*

"(d) From an order involving the merits of the action or some part thereof;

"(e) From an order refusing a new trial, or from an order granting a new trial if the trial court expressly states therein, or in a memorandum attached thereto, that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground   \*   \*   \*."

The first basis of the appeal is the judgment entered in the second trial. The judgment is clearly appealable under Rule 103.-03(a) as long as the notice of appeal was filed within 90 days from the date of entry. Rule 104.01, Rules of Civil Appellate Procedure. The second basis of the appeal is the order denying appellant's alternative mo-

---

1. The motion was denied both because it was untimely and because the court felt that there was sufficient evidence to support the jury verdict.

tion for judgment notwithstanding the verdict or a new trial, which is appealable under Rule 103.03(e).[2]

■ The third basis of the appeal, the order granting a new trial, is the most problematic. Although the language of Rule 103.03(e), read literally, does not allow an appeal from an order granting a new trial unless "the trial court expressly states * * * that the order is based exclusively upon errors of law occurring at the trial, and upon no other ground * * *," this court has found that Rule 103.03(d) permits an appeal from such an order as long as the order vacates a judgment. *Koenig v. Ludowese,* 308 Minn. 380, 381, note 1, 243 N.W.2d 29 (1976). See, also, *Grorud v. Thomasson,* 287 Minn. 531, 177 N.W.2d 51 (1970). Since in this case judgment was ordered but never entered, the order granting a new trial did not vacate a judgment and thus is not appealable under Rule 103.-03(d). Because the order granting a new trial was based not on errors of law but on the unreasonableness of the jury verdict for appellant, it is not appealable under Rule 103.03(e). Moreover, the fact that the appeal is taken after the second trial makes the order granting that trial nonreviewable. As we stated in *Patton v. Minneapolis Street Railway Co.,* 245 Minn. 396, 398, 71 N.W.2d 861, 862 (1955):

"It is the well-settled law of this state that where a new trial *of all issues* is granted the former trial is completely set aside or 'wiped out' with all its evidence and proceedings and the case stands and the parties are in exactly the same position as if there had been no trial at all. And upon an appeal from an order or judgment as a result of the last trial there can be no review of the evidence or proceedings at the former trial or of the order granting the new trial."

Thus, under our decisions, we will review only the conduct of the second trial.

■ 2. We reject appellant's challenge to the sufficiency of the evidence supporting the jury's verdict in the second trial. Because direct proof of arson is seldom available, courts have permitted the insurer to use circumstantial evidence to support the inference that the insured set the fire or arranged to have it set. In *Elgi Holding, Inc. v. Insurance Co. of North America,* 511 F.2d 957 (2 Cir. 1975), for example, the court held that proof of the fire's incendiary origin plus evidence of the insured's financial difficulties which suggested a motive were sufficient to support a jury verdict for the insurance company. Similarly, in *Fenton Country House v. Auto-Owners Ins. Co.,* 63 Mich.App. 445, 450, 234 N.W.2d 559, 561 (1975), the court stated that "[a]rson [could] be proven through evidence tending to show motive and opportunity, together with evidence negating accidental cause." See, also, *Gregory's Continental Coiffures & Boutique v. St. Paul Fire & Marine Ins. Co.,* 536 F.2d 1187 (7 Cir. 1976); *Vadnais v. American Family Mut. Ins. Co.,* 309 Minn. 97, 243 N.W.2d 45 (1976); *Nathan v. St. Paul Mut. Ins. Co.,* 251 Minn. 74, 86 N.W.2d 503 (1957); *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (1967).

■ The evidence introduced in this case, although largely circumstantial, was clearly sufficient to support the jury's verdict. Appellant was deeply in debt and had tried unsuccessfully more than once to sell his house. This information alone would permit the jury to infer motive which, together with the fire's incendiary origin, is enough to defeat appellant's claim for payment under the insurance policy. Because this is a civil case and not a criminal one, arson must be shown only by a preponderance of the evidence rather than beyond a reasonable doubt. *Vadnais v. American Family Mut. Ins. Co., supra; Greenberg v. Aetna Ins. Co., supra.* Thus, respondent's failure to demonstrate that appellant knew of or participated in the crime does not defeat the jury's decision in its favor as

2. Respondent argues that since the alternative motion for judgment notwithstanding the verdict or for a new trial was not timely filed in the trial court in accordance with Rule 59.03, Rules of Civil Procedure, this court has no jurisdiction to consider it. Since the appeal from the judgment is proper, we need not reach this issue.

long as credible evidence of motive is introduced. This being the case, the jury verdict will not be disturbed.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.