**In the Matter of the Arbitration Between MINNESOTA TEAMSTERS PUBLIC AND LAW ENFORCEMENT EMPLOYEES UNION, LOCAL NO. 320, petitioner, Respondent,**

v.

**COUNTY OF CARVER, Appellant.**

**COUNTY OF CARVER, Petitioner,**

v.

**MINNESOTA TEAMSTERS PUBLIC AND LAW ENFORCEMENT EMPLOYEES UNION, LOCAL NO. 320, Respondent.**

Nos. C4–97–1371, C6–97–1372.

Court of Appeals of Minnesota.

Nov. 25, 1997.

James P. Michels, Ann E. Walther, Best & Flanagan, Minneapolis, for respondent.

Peter D. Bergstrom, Bergstrom, Carlson & Soldo, P.L.L.P., St. Paul, for appellant.

Considered at Special Term and decided by TOUSSAINT, C.J., and HARTEN and WILLIS, JJ.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

Carver County discharged Larry King from his employment as a deputy sheriff. Pursuant to the collective bargaining agreement with Larry King's union, respondent Minnesota Teamsters Public and Law Enforcement Employees Union, Local No. 320, Larry King's challenge to the discharge was submitted to arbitration. On September 13, 1995, the first arbitrator issued a decision that there was just cause to discipline, but not to discharge King. Respondent filed a motion to vacate or modify the award. By order on May 31, 1996, the district court vacated the award in its entirety and directed a rehearing before a new arbitrator.

Carver County filed an appeal of the May 31, 1996, order (CO–96–1325). This court dismissed the appeal as taken from a nonappealable order, and denied Carver County's request for discretionary review. *In re Arbitration Between Minn. Teamsters Pub. & Law Enforcement Employees Union, Local No. 320 & County of Carver,* No. C0–96–1325 (Minn.App. July 30, 1996), *review denied,* (Minn. Oct. 15, 1996).

On June 28, 1997, the second arbitrator issued a decision determining that Carver County lacked just cause to terminate Larry King and directing King's reinstatement. On July 30, 1997, Carver County again sought review of the original order dated May 31, 1996, order by filing a direct appeal (C4–97–1371) and a petition for discretionary review (C6–97–1372). This court questioned jurisdiction. Respondent opposes the appeal and the petition and requests an award of attorney fees.

## DECISION

■ Appealable orders in arbitration proceedings are set out in Minn.Stat. § 572.26, subd. 1 (1996). *Miyoi v. Gold Bond Stamp Co. Employees Retirement Trust,* 293 Minn. 376, 378, 196 N.W.2d 309, 310 (1972). An order that vacates an arbitration award and directs a rehearing is not appealable under Minn.Stat. § 572.26, subd. 1. *Kowler Assocs v. Ross,* 544 N.W.2d 800, 801 (Minn.App. 1996). A judgment entered pursuant to the provisions of chapter 572 is appealable. Minn.Stat. § 572.26, subd. 1(6).

On appeal from a judgment, this court may review any order involving the merits or affecting the judgment. Minn. R. Civ.App. P. 103.04. In this case, a final judgment confirming the June 28, 1997, arbitration award has not been entered. *See* Minn.Stat. § 572.21 (1996) (upon the granting of an order confirming, modifying, or correcting an award, judgment or decree shall be entered in conformity therewith and be enforced as any other judgment or decree). Carver County filed a notice of dismissal of the direct appeal on the ground that it is premature.

■ Even if there were a judgment confirming the June 28, 1997, existed, and Carver County filed an appeal from that judgment, the May 31, 1996, order vacating the original award and directing a rehearing would not be within this court's scope of review. The May 31, 1996, order is analogous to an order granting a new trial. On appeal from a judgment entered after a new trial of all issues, the order granting that new trial is not reviewable. *Quast v. Prudential Property & Casualty Co.,* 267 N.W.2d 493, 495 (Minn.1978). A former trial is completely set aside or "wiped out" where a new trial of all issues is granted; in an appeal from an order or judgment resulting from the new trial, there can be no review of the former trial or of the order granting the former trial. *Id.* (quoting *Patton v. Minneapolis St. Ry. Co.,* 245 Minn. 396, 398, 71 N.W.2d 861, 862 (1955)).

■ Similarly, the May 31, 1996, order vacating the original award and directing a rehearing is not reviewable on appeal from a

judgment confirming the second award. Because the rehearing superseded the original hearing, any issues pertaining to the original hearing or the order vacating the award are moot. Generally, appellate courts will hear only "live" controversies. *In re Inspection of Minn. Auto. Specialties, Inc.,* 346 N.W.2d 657, 658 (Minn.1984).

This court's July 30, 1996, order denying Carver County's request for discretionary review of the May 31, 1996, order is the law of the case. *See Brezinka v. Bystrom Bros.,* 403 N.W.2d 841, 843 (Minn.1987) (issues determined in first appeal will not be reexamined in a second appeal). An additional basis for denial of Carver County's second request for discretionary review is that the May 31, 1996, order no longer raises a justiciable issue.

Because Carver County did not act in bad faith in renewing the appeal and the request for discretionary review, we decline to award attorney fees to respondent.

**Appeal dismissed; petition for discretionary review denied; motion for attorney fees denied.**